## J. H. WHITFORD v. JOHN LYNCH.

1. TAX DEED; *Deputy County Clerk.* Under the laws of 1862 providing that "the county clerk" shall "execute, in the name of his county, as county clerk, under his hand," etc., deeds of the unredeemed lands previously sold for taxes, a deputy county clerk could execute a valid tax deed in the name of his principal.

2. COUNTY CLERK; *Ministerial Duties; Deputy.* A large portion of the machinery of tax collection is in the hands of the county clerk, and such duties are obviously ministerial. It is made his duty to appoint a deputy. There is no language of limitation as to the deputy's authority—no specific duty required to be performed only by the clerk himself—and such deputy may perform any of the varied duties devolved upon his principal in regard to the collection of taxes.

*Error from Anderson District Court.*

EJECTMENT, brought by *Lynch* against *Whitford,* to recover the possession of 120 acres of land. Both parties claimed

title in fee. The case was tried at the September Term 1870. The defendant, *Whitford*, in support of his title offered in evidence certain tax deeds, the testatum clause of each of which is as follows:

"In witness whereof, I, James F. Walker, county clerk as [SEAL.] aforesaid, have hereunto subscribed my name, and affixed my official seal on this 9th day of May, 1864.

JAMES F. WALKER, *County Clerk,*
*Witness, M. A. Page.* By Wm. A. Walker, *Deputy.*"

The admission of these deeds was objected to by plaintiff, and the court refused to admit them. Verdict and judgment for plaintiff, and *Whitford* brings the case here on error.

*W. A. Johnson,* for plaintiff in error:

The plaintiff in error has an absolute estate in fee simple in and to the land in dispute, acquired through a sale and conveyance for taxes due and unpaid on said land. The tax deeds, copies of which are attached to, and form a part of defendant's answer, are executed and acknowledged substantially in accordance with the requirements of the statute. Comp. Laws, page 879, § 11. The law only requires that the tax deed shall be substantially in accordance with the requirements of the statute. 6 Kas., 311; 15 Ohio, 107. The only objection urged against the validity of the tax deeds in this case, is, the fact that said deeds were executed and acknowledged by the county clerk's *deputy*, for and on behalf of the clerk. As a general rule, the duties of all ministerial officers may be performed by deputy, and the authority of deputy to convey lands depends upon the power of his principal to make a deputy. Blackw. Tax Titles, 375; 4 Ohio, 88.

Every county clerk of this state is required to appoint a deputy in writing, and such deputy in case of absence or disability of his principal, or in case of a vacancy in the office, shall perform all the duties of such clerk. Comp. Laws 1862, p. 418, ch. 52, § 44.

Under the tax act of February 27, 1860, and the amendment thereto of March 6th, 1862, there are various duties

enjoined on the county clerk, relating to the assessment and collection of taxes, and in conveying lands sold for non-paid taxes. All of the several duties enjoined upon the clerks are purely ministerial, and can properly be performed by deputy. The law requiring each county clerk to appoint a deputy was approved on the 25th of February, 1860. It was not the intention of the legislature to enjoin on the county clerk the appointment of a deputy, and then prohibit such deputy from performing any of the duties enjoined on his principal, or if he did perform the duties of the office, declare such act void.

The opinion of the court was delivered by

BREWER, J.: The main question presented in this case is as to the power of a deputy county clerk to execute a tax deed. The defendant in error proved title from the government. The plaintiff in error proved possession in himself for a series of years, and offered tax deeds which had been recorded more than two years prior to the commencement of the suit; but the district court refused to receive them in evidence. These tax deeds seem to be in substantial conformity to the forms laid down in the statute. Counsel for plaintiff in error alleges in his brief that the only objection made to them was that they were executed and acknowledged by the deputy county clerk. If other objections were made or do exist we are not advised of them, for counsel for defendant in error have filed no brief, and made no appearance in this court.

1. Tax deeds may be executed by deputy county clerk. Could a deputy county clerk, then, under the laws of 1862, execute and acknowledge a valid tax deed, or must the act be performed by the clerk himself? The act was one purely ministerial. It called for no discretion, imposed no choice. Certain specified conditions having been complied with, it became his duty to act, a duty which could be enforced by mandamus. Now, it is a general rule that a ministerial officer may act by deputy. Com. Dig., *Officer*, *D*, 1. And every act which the principal may do, may be done by his deputy. True, there are some limitations on this rule, as where the duty to be performed is

of the individual and not of the officer, or where there is a
personal trust imposed. But the act of executing a tax deed
comes within none of the exceptions. In Blackwell on Tax
Titles, p. 375, it is said that "the power of a deputy to sell
and convey lands depends upon the power of his principal to
make a deputy. The general rule is, that every ministerial
office may be performed by deputy. The power of appoint-
ing a deputy is therefore implied in all such cases. Whatever
power may be exercised by the principal may be performed
by the deputy, and is equally valid in the one case as in the
other." See also *Haines v. Lindsey*, 4 Ohio, 88; *Jacobs v.
Measures*, 13 Gray, 74; *K. P. Rly. Co. v. Amrine*, 7 Kas.,
178. But we are not left in this state to any mere implica-
tion as to the power of a county clerk to appoint a deputy.
Such power is expressly given. It is even made a duty.
"Every such clerk shall appoint a deputy," is the language
of the statute. In the absence or disability of the clerk, the
deputy "shall perform all the duties of such clerk." He
may also appoint more than one deputy. Comp. Laws,
p. 418, ch. 52, § 44. (Gen. Stat., ch. 25, § 41.) This section
concerning the power and duty of a county clerk to appoint
deputies was in force at the time the amendment to the tax
law authorizing conveyances by the county clerk was passed.
Many other duties were by the tax law, and its amendments,
imposed upon the county clerk. In fact, a large portion of
the machinery of tax collection is in his hands. These duties
are obviously ministerial, and properly performable by deputy.

2. No limitation on power of deputy. Now if the legislature intended that any specific
duty should be performed only by the clerk
himself, they would naturally have used some language of
limitation. But there is none. It would be an arbitrary
assumption on our part, not justified by the language em-
ployed, or the nature of the duty to be performed, to hold
that the clerk alone could execute a tax deed, while a deputy
could perform all the other varied duties of the office in
regard to the collection of taxes. For these reasons we think
the district court erred in rejecting the tax deeds; and the

judgment must be reversed and the case remanded for further proceedings.

All the Justices concurring.