## JOSEPH F. BABBITT v. JOHN P. JOHNSON.

1. ACKNOWLEDGMENTS IN 1859, *before Deputy Clerk.* In June 1859, the deputy clerk of a probate court in the territory of Kansas was authorized to take acknowledgments of deeds.

2. DEED — DELIVERY; *Presumption.* A deed takes effect from the time of its delivery, and this, in the absence of any evidence to the contrary, is presumed to have been on the day of its date.

3. ———— *Time of Acknowledgment.* It is no objection to the admissibility of a deed delivered before the commencement of the action, that it had been acknowledged subsequent thereto.

4. TAX–DEED; *When Void.* A tax-deed which recites a sale to the county as a competitive bidder, is void upon its face.

5. ———— *Action*; *Tender of Taxes.* Since the repeal of section 90 of the tax law of 1866, it is no defense to an action against one in possession under a tax-deed void upon its face that no tender had been made prior thereto of the taxes, costs, etc.

*Error from Brown District Court.*

EJECTMENT, brought by *Johnson*, to recover the possession of a quarter-section of land. The facts are stated in the briefs and opinion. Trial at the August Term 1873. Verdict and judgment for plaintiff, and defendant *Babbitt* brings the case here.

*W. D. Webb*, for plaintiff in error:

Babbitt, defendant below, claimed title to the land under a tax-deed executed and recorded in June 1864, and claimed that the plaintiff's right of action was barred by the statute. We claim, that this action cannot be maintained, as no tender of the amount of the taxes, costs, etc., was made to Babbitt, as provided by § 11 of the tax law of March 6th 1862, and § 90 of the tax law of 1866: 16 Wis. 588; 19 Wis. 615, 620; 8 Kas. 685, 686.

The court erred in admitting the deed from Hall to Stewart, dated June 18th 1859, because the same was not acknowledged before any official authorized to take acknowledgments. The court also erred in admitting in evidence the deed from

Stewart to Brown, because the same was not acknowledged before any official authorized to take such acknowledgments, and because the same was insufficient as an acknowledgment. The court erred in admitting in evidence the deed from Brown to Johnson, the plaintiff. This deed, executed in Alabama, and acknowledged there, was improperly admitted. The acknowledgment was made after the suit was commenced. *Porter v. Wells,* 6 Kas. 448.

The tax deed offered in evidence by Babbitt was not void on its face, but was a valid deed, and conveyed to the defendant the absolute title to the land in suit, and the statute had barred this action before suit was commenced. Comp. Laws 1862, ch. 197, § 57; ch. 98, § 11; 6 Kas. 311.

*C. W. Johnson,* for defendant in error:

No tender of taxes, etc., was necessary: *Sapp v. Morrill,* 8 Kas. 685. There was no error in admitting the deed from Hall to Stewart. By § 28, ch. 22, Gen. Stat. 189, the record of this deed, (and it was the record that was offered,) was rendered admissible, when the original was shown to be lost, notwithstanding any defective acknowledgment. Either the original or copy was admissible, if the original had been recorded. Sec. 14, ch. 30, page 240, Laws of 1859, will show that this acknowledgment is good, if the probate court had a seal and a clerk; and §§ 34, 38, ch. 13, Laws of 1858, are sufficient answer to that proposition. Again: The case of *Porter v. Wells,* cited by plaintiff in error, says a deed *executed* after suit is inadmissible. In this case, the deed was executed before the suit, to-wit, September 6th 1869. The suit was not commenced till 1870. *Porter v. Wells* does not decide that a deed *acknowledged* after suit brought may not be read in evidence. See 58 Ill. 135.

The tax-deed was void on its face. It recites a sale to the county as a competitive bidder. *Norton v. Friend,* 13 Kansas, 532.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment. Defendant in error, plaintiff below, relied on a chain of title from government—plaintiff in error, defendant below, upon a tax deed. Four questions are presented. It is objected that the acknowledgment to a deed in June 1859, was insufficient, because taken before an officer not authorized to take acknowledgments. The officer was the deputy of the clerk of the probate court. This must be held good. An acknowledgment before the clerk of a court having a seal, was sufficient. Comp. Laws, p. 355, § 14. The probate court was such a court, and had a clerk. See Gen. Laws of 1858, p. 202, §§ 34 to 37; Laws of 1859, p. 332, § 2; Laws of 1859, p. 341, §§ 40 to 43. Such clerk might lawfully appoint a deputy, and such deputy could lawfully perform any ministerial office unless specially enjoined upon the clerk. Laws of 1859, p. 341, § 41. *Whitford v. Lynch,* 10 Kas. 180.

Again, it is objected that an acknowledgment to a deed was taken after the suit commenced. The deed was dated and irregularly acknowledged before the commencement of the action, and on the first trial ruled out on account of this defect in the acknowledgment. Intermediate the two trials, it had been correctly acknowledged, and now the objection was, that this last acknowledgment was subsequent to the commencement of the action. The objection is not good. The acknowledgment is mere matter of proof. The deed is valid without it. It takes effect from the time of its delivery, and this, in the absence of any showing to the contrary, is presumed to have been on the day of its date. *Riggs v. Henneberry,* 58 Ill. 135.

Again, it is insisted that the tax deed was good upon its face. The deed recites that the land was struck off to the county as a competitive bidder, and is similar to the deeds held void in the recent cases of *Norton v. Friend,* 13 Kas. 532; *Magill v. Martin,* 14 Kas. 67.

Finally, it is insisted that this action could not be main-

tained because no tender of the amount of taxes, costs, etc., had been made to Babbitt as provided by § 11 of the tax law of 1862, (Comp. Laws, p. 880, and § 90 of the tax law of 1866.) These sections had been repealed prior to the commencement of this action, and in lieu thereof was enacted § 117 of the tax law of 1868, (Gen. Stat. p. 1057,) by which before the holder of the tax-deed is ousted of possession the successful claimant is required to pay the taxes, etc. This order was made, and it is all the plaintiff in error was entitled to. *Sapp v. Morrill,* 8 Kas. 685, 686.

The judgment will be affirmed.

All the Justices concurring.