## JOHN M. CAIN v. FREDERICK ROBINSON.

1. SHERIFF'S DEED; *Whether Executed Before, or After, Confirmation of Sale, is a Question for the Jury.* In an action of forcible detainer, the plaintiff offered in evidence a sheriff's deed from which he claimed to derive title to the premises in dispute, dated 13th July 1874, and the journal-entry of the confirmation of the sheriff's sale of the date of 16th July 1874, together with the testimony of the clerk of the district court, and the sheriff who executed the deed, to the effect that the deed was not executed till *after* the confirmation of the sheriff's sale; and thereupon the defendant moved the court to strike out the sheriff's deed, for the reason that the records of the court introduced in evidence showed that there was never any confirmation of the sheriff's sale prior to the date

of the execution of the deed, the court sustained the motion, and afterward sustained a demurrer to the evidence of the plaintiff: *Held*, error, as the evidence, under proper instructions, should have been submitted to the jury.

2. ———— *Presumption, from Date of Deed, May be Rebutted.* Ordinarily the date of a deed, (admitted to have been delivered,) is *prima facie* evidence of the time of its delivery, but this presumption may be rebutted by testimony; and where a sheriff's deed is dated three days prior to the date of confirmation of the sale therein recited, but it is not delivered till after such confirmation, the deed is not void.

### *Error from Atchison District Court.*

The district court, at June Term 1877, gave judgment in favor of *Robinson*, defendant. The plaintiff, *Cain*, brings the case here. The subjoined opinion contains a sufficient statement of the facts, and of the proceedings.

*Henry Elliston*, and *S. H. Glenn*, for plaintiff.

*B. F. Hudson*, and *Greenlee & Pearson*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error was plaintiff in the court below. He commenced an action of forcible detainer against the defendant, before a justice of the peace in Atchison county, where a trial was had, resulting in favor of the plaintiff. From this judgment, the defendant appealed to the district court, where amended pleadings were filed by order of the court, and a new trial was had. On the trial the evidence showed that the plaintiff was the purchaser of the premises at a judicial sale had in pursuance of a decree of foreclosure of the district court of Atchison county; that the defendant was one of the judgment-debtors in the foreclosure action, and in possession of the premises at the time of the rendition of the decree by virtue of which the sale was made. The plaintiff presented in evidence the sheriff's deed, from which he claimed to derive title, dated 13th July 1874, and the journal-entry of the confirmation of the sale, of the date of 16th July 1874, and then introduced the clerk of the court, who testified as follows:

Statement of the case.

30—20 KAS.

"I was clerk of the district court of Atchison county at the June term of said court, 1874, and all the journal-entries of that term are in my handwriting. I recognize the journal entry of confirmation of sale in the case of Eunice Campbell v. Mary Ann Robinson, Frederick Robinson, and John M. Cain. I also recognize my handwriting in filling up and taking acknowledgment of the sheriff's deed, made by Owen E. Seip, sheriff, to John M. Cain, purchaser of the real estate under an order of sale of the district court of Atchison county in the case of Eunice Campbell v. Mary Ann Robinson, Frederick Robinson, and John M. Cain, which sale was confirmed at the June term of the court, 1874. I do not recollect the exact date on which said confirmation was made, but I am reasonably certain that said confirmation was made on the 11th day of July 1874, and am positively certain that the confirmation was made prior to the execution of the sheriff's deed by Owen E. Seip to John M. Cain, for the land mentioned and described in said deed, and embraced in the order of confirmation. Of this I am positive, for the reason, that I find the deed and certificate of acknowledgment in my handwriting, as I usually filled out and took acknowledgments at that time. And I know that I never filled out or took acknowledgments of any sheriff's deed till after the confirmation of sale in any case. There is an apparent discrepancy in the dates of the deed, and in the journal-entry of confirmation. The journal-entry, at the top of the page, appears as though it had been entered of the 16th of July, whereas the deed appears to have been executed on the 13th of July. This probably arose in this manner: it very often happened that the journal was not written up for some days after the proceedings in the court took place. This undoubtedly was the fact in this case. Possibly it was because I had not been apprised, whether or not the costs had been paid, in which case I may have delayed making the journal-entry of the confirmation till I knew the fact that the costs had been paid."

Plaintiff then offered Owen E. Seip as a witness, who testified:

"I was the duly-elected, qualified and acting sheriff of Atchison county, during all the year 1874. I remember the suit of Eunice Campbell v. Mary Ann Robinson, Frederick Robinson, and John M. Cain, in the district court for said county. There was a foreclosure of a mortgage and order of

sale. I sold the property as sheriff, properly, and executed the deed therefor to John M. Cain, plaintiff in this suit. I reported the sale to the court, and after it was confirmed I executed the sheriff's deed therefor. I know I did not execute the deed before the sale was confirmed by the court. I am fully satisfied that I executed this deed (here deed was shown to witness, and identified,) on the 13th day of July 1874. I delivered the deed to John M. Cain, the plaintiff in this suit."

After all of this testimony had been presented, the defendant moved the court to strike out the sheriff's deed offered in evidence, for the reason, as alleged by him, that the records of the court, introduced in evidence, showed·that there never was any confirmation of the pretended sheriff's sale prior to the execution of the deed, which motion the court sustained; and after the introduction of certain testimony by the plaintiff, tending to prove that defendant had leased the premises of plaintiff after the date of the deed, and had recognized such plaintiff as his landlord, the court sustained a demurrer to the plaintiff's evidence, discharged the jury impanneled to try the cause, and gave judgment for the defendant. These rulings of the court are assigned as error, and we are asked to review the same.

The assignments of error are well taken. In the condition of the testimony, it should have been left to the jury, under proper instructions, to say what effect should have been given it, and whether, on the whole, the deed had been

1. Sheriff's deed; when executed, and delivered.

executed, that is, delivered, *after* confirmation. The date of the deed seems to have been conclusive of its date of execution. Yet the evidence of both the clerk and sheriff states the execution was after the confirmation; and but for the single statement of the sheriff, that the execution of the deed was on July 13th, all of the testimony is in harmony with the theory that the proceedings of confirmation were had in court on July 11th, the deed then written out and signed, the entry of confirmation made July 16th, and the final execution of the deed (that is, *its delivery*,) had after such date. Even the statement of its execution on

July 13th, is explained, if thereby the sheriff meant that on that date it was prepared for delivery, but not then delivered. In the absence of all evidence to the contrary, the presumption is, that a deed is executed of its date.

2. Presumption, from date.

*Babbitt v. Johnson,* 15 Kas. 252; *Clark v. Akers,* 16 Kas. 166. But in this case we have the direct evidence of the clerk and sheriff, that the deed was not executed till after the confirmation, subject to the contradiction above mentioned; and also, the presumption that proceedings of a court and its officers are done regularly, and in their proper order. While it is true, that the sheriff has no right to execute the deed without the direction of the court, and the record is presumed to speak absolute verity, the fact that the deed is *dated* before the confirmation is not conclusive that it was *executed* before such confirmation. The sheriff might have filled in the blanks of the deed and signed it *before* the entry of the confirmation, and then *after* the confirmation have delivered it, or in other words, have then executed it. The execution of the deed includes the delivery, as well as the writing and signing. Delivery is essential to make a deed effective. A deed not delivered, is the same as no deed. Prior to the entry of confirmation of the sale, on July 16th, the sheriff may have held the deed in his hands all made out and signed by him; but it would then be considered an unexecuted instrument, of no vitality or effect. After the confirmation, he could deliver it to the purchaser, and thus execute the deed. The deed could have no force in law until after the confirmation, because such a deed can only be made in pursuance of the directions of the court, after a careful examination of the proceedings of the officer making the sale. The mere fact, however, that the deed in this instance was dated during the term of the court at which the confirmation was had, and a few days prior thereto, was not (in view of the other testimony,) conclusive of its execution prior to such confirmation. The evidence as to the delivery was not as specific as it might have been, but on the whole, we cannot construe the evidence to mean, a delivery before confirmation. The record shows it was not filed in the office

of register of deeds till July 22d, several days after confirmation; and the jury should have been permitted to decide if the delivery was before, or after, the confirmation. If dated and signed previous to the confirmation, but not delivered till after July 16th, (the date of confirmation,) the deed was not void.

In the event, that it shall be ascertained that the deed was actually delivered prior to July 16th 1874; that the proceedings were had in the court concerning the confirmation on the 11th of July, and were erroneously entered on the journal under the date of July 16th, (and the minutes of the judge show this to be true,) we would suggest the correction of the journal by a *nunc pro tunc* order, so that it shall conform with the facts in the premises. It is unnecessary to pass upon the other questions presented, as a new trial must take place.

The point made by the counsel for the defendant, that the rejection of the deed was a harmless error, is not sustained by the pleadings, nor the testimony offered, nor the result had in the case before the trial court. If the deed had been retained as testimony, the demurrer to the evidence could not have been sustained.

We think the judge, in withdrawing the deed from the consideration of the jury, and then sustaining a demurrer to the evidence, usurped the province of the jury, and in so doing, committed error, which calls for a reversal of the judgment.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.