STEPHEN D. CANADAY *et ux.* v. EMMA A. DAVIS *et al.*
No. 15,935. (101 Pac. 626.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Suit to Defeat a Tax Title—Commencement of Action—Publication Service.* Within the meaning of the section of the act relating to taxation requiring a suit to defeat a tax title to be commenced within five years from the time of recording the deed (Gen. Stat. 1901, § 7680), an action against a non-resident who is outside of the state is to be deemed begun where the plaintiff, without causing a summons to be issued, has filed his petition and affidavit for publication and caused a suitable notice to be delivered to the publisher of the only newspaper printed in the county, with directions for its insertion in the next issue thereof, provided such directions are carried out and a proper publication results.

2. —— *Attempt to Commence an Action.* If section 20 of the code of civil procedure, providing that an action shall be deemed commenced at the date of the first publication, applies to such a case, the steps stated in the foregoing paragraph must be regarded as constituting an attempt to begin it within the meaning of the further provision of the same section that "an attempt to commence an action shall be deemed equivalent to the commencement thereof . . . when the party faithfully, properly and diligently endeavors to procure a service.

Error from Gray district court; GORDON L. FINLEY, judge. Opinion filed April 10, 1909. Affirmed.

*Scates & Watkins,* and *Wheeler & Switzer,* for plaintiffs in error.

*E. H. Madison,* and *Harry Brice,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: The only question here involved is whether an action to set aside a tax deed which was recorded December 10, 1901, was begun within five years from that time. The plaintiffs filed their petition December 7, 1906. They did not cause a summons to is-

sue, for they knew the defendants were non-residents and were outside of the state, but the next day they filed an affidavit for service by publication, and prepared and delivered to the publisher of the only newspaper printed in the county a notice in proper form which appeared in the next issue of the paper, December 13.

Section 141 of the act relating to taxation (Gen. Stat. 1901, § 7680) requires a suit or proceeding to defeat a conveyance of land for taxes to be commenced within five years from the time of recording the deed. Section 20 of the code of civil procedure, which relates to the time of commencing civil actions, reads:

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this article when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

There is good ground for arguing that the section quoted does not apply to this case. If it does it is merely by implication or analogy and not by its express terms, for it purports to say only when an action shall be deemed commenced within the meaning of the article in which it is found, and which relates to the general statutes of limitation. The requirement that suits to defeat tax titles must be brought within five years is a special limitation, found not in the code of procedure but in the act relating to taxation. On this account it is held not to be subject to the usual exceptions, and is not affected by the absence of the defendant from the state. (*Beebe v. Doster,* 36 Kan. 666, 14 Pac. 150.) In the case cited it was said:

"Section 141 of the tax law is not controlled or modi-

52—79 KAN.

fied by any of the provisions of the civil code. . . . It was placed in the tax law, and not in the civil code, although another tax-deed limitation is placed in the civil code. Its provisions are limited by other provisions of the tax law, which would indicate that it was the intention of the legislature to place all modifications of its provisions in the tax law. . . . It was certainly not the intention of the legislature that it should be modified or controlled by any of the provisions of the civil code, but was intended to be a complete limitation within itself, except so far as it is modified by other provisions of the tax law." (Page 678.)

This reasoning tends to support the view that the interpretation of the statute of limitation under consideration can not be aided by anything found in the code, for to restrict the meaning of the word "commence," as used in the tax law, by a definition found in another act is in a sense at least to allow the one statute to be controlled or modified by the other. The question here involved could never arise with respect to an ordinary statute of limitation, for the absence of the defendant from the state would prevent its running. If the test stated in the code section quoted is rejected as inapplicable here, there is no difficulty in saying that the present action was begun December 7, 1906. At that time the plaintiffs had manifested their intention to assail the tax deed, had done what they could to make their attack effective, and had used all possible diligence to bring knowledge of the fact to the defendants in the way pointed out by the statute—had set the machinery in motion which ultimately resulted in a good service. In the absence of a statutory provision to the contrary (and none exists unless found in the section quoted) these steps must be held to have resulted in the commencement of an action.

But if we assume that the code provision does apply the same result follows. The statute says that an attempt to commence an action shall be deemed equivalent to its actual commencement when the party faithfully, properly and diligently endeavors to procure a service,

Canaday v. Davis.

provided a summons is served or a first publication made within sixty days. Here the plaintiffs, having concluded on December 7 to bring their action, did everything in their power to get it started at the earliest possible moment, except that they might have caused a summons to issue at once. Had they done so their action would of course have been then begun according to the very words of the statute. But as the defendants were neither residents of the state nor personally within its boundaries the act would necessarily have been utterly futile so far as any practical result was concerned. And it has been said in this connection, although while another statute was under consideration, that "the law does not require useless or unnecessary proceedings." (*Bannister v. Carroll,* 43 Kan. 64, 66, 22 Pac. 1012.) As the plaintiffs, after filing their petition, omitted no act that would hasten the procurement of a legal service, we think it can be said that within the meaning of the statute they attempted to commence their action prior to December 10, 1906, and faithfully, properly and diligently endeavored to procure service. Such attempt, having been followed by a publication within sixty days, was equivalent to an actual commencement of the action.

The trial court having ruled in accordance with these views, the judgment is affirmed.