CHARLES J. JONES, *Appellant*, v. THE CITY OF GARDEN CITY, *Appellee.*

No. 15,984.

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Statute Permitting Conveyance of More than One Tract—Time of Taking Effect.* Chapter 248 of the Laws of 1889 (Gen. Stat. 1901, § 7677), providing for the transfer of more than one tract of land or lot in a tax deed, applies to sales of tracts or lots made before but deeded after the passage of the act, as well as to sales had thereafter.

2. ——— *Consideration—Less than Redemption Price.* The recital of an amount as the consideration in a tax deed less than the amount for which the tax sale was made, including subsequent taxes paid, interest and costs, does not render the tax deed void.

Appeal from Finney district court; CHARLES E. LOBDELL, judge *pro tem.* Opinion filed November 6, 1909. Affirmed.

R. S. Cone, Chauncey C. Brown, Milton Brown, and John F. Switzer, for the appellant.

C. L. Marmon, city attorney, O. H. Foster, Fred J. Evans, and Fred S. Dunn, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by Charles L. Jones in the district court of Finney county to recover the possession of lot 17, block 1, in Jones's addition to

the city of Garden City, Kan. At the time of the action the lot in question had been laid out, or an attempt had been made to lay it out, as a part of a street in Garden City, a city of the second class. It is admitted that Jones held the patent title, and that he is entitled to recover in this action if a tax deed issued for the lot is invalid.

Many questions are raised as to the regularity of the proceedings in laying out the street, but if the tax deed is valid Jones has no interest in the property, and whatever might be the determination upon the questions raised, other than the validity of the tax deed, such determination could not affect this case. Jones must recover, if at all, upon the strength of his own title, and, if he has no title, it matters not to him whether the city has good title or not.

The tax deed recites that in the year 1887 nineteen town lots, two of which were in the original plat of Garden City and the remainder in Jones's addition and Stevens's addition to Garden City, were severally subject to taxation for that year; that the taxes respectively levied thereon remained due and unpaid, and on the 4th day of September, being the first Tuesday of September, 1888, the treasurer of Finney county duly offered such lots severally for public sale, at the county seat, in conformity with the statute; that at the sale one F. Finnup offered to pay the whole amount of taxes, penalty and costs then remaining due and unpaid on each of the lots, which as to each of them was the least quantity bid for, and that each of the lots was severally struck off and sold to him at the price offered; that thereafter, in November, 1891, F. Finnup assigned the several certificates of the sale of the lots, and all his right, title and interest therein, to George W. Finnup; that the subsequent taxes on each of the lots for the years 1888, 1889 and 1890 were paid by the purchaser, and that on the 23d day of June, 1892, the county clerk of Finney county executed and acknowledged the tax deed for all of the lots to George W. Fin-

nup, "in consideration of the sum of one hundred and
five dollars and sixty-four cents, taxes, costs and inter-
est in the aggregate, due as aforesaid on said land for
the year A. D. 1887, to the treasurer paid as aforesaid."
The tax deed was recorded June 24, 1892.

A deed was also introduced in evidence, dated De-
cember 22, 1899, from George W. Finnup to the trustees
of the Second Baptist church, for lots 17, 18 and 19,
block 1, Jones's addition to Garden City, and there was
evidence tending to show that the city had by con-
demnation proceedings appropriated the lot 17 in ques-
tion for a public street, had paid the condemnation
money to the church association, and that the lot had
been in possession of the church and of the city.

The plaintiff contends that there is more than one
Jones's addition in Garden City, Kan., and for that
reason that the description of the lot in the tax deed was
insufficient to identify the property. It corresponds,
however, exactly with the description of the property
which the plaintiff in his petition alleged that he owned
and was entitled to the possession of, and for which he
prayed judgment. The tax deed describes the property
which the plaintiff asks to recover, and hence the ob-
jection is untenable.

The plaintiff further contends that the tax deed is
invalid for the reason that the sale of the lots was for
the taxes of 1887, the sale being had in 1888; that
there was no statute of the state of Kansas prior to the
enactment of chapter 248 of the laws of 1889 author-
izing the county clerk to convey tracts of land severally
sold by one tax deed, and to apply the statute of 1889 to
this case would be a retroactive application thereof.
Chapter 248 of the laws of 1889 is a provision relating
to the conveyance of land sold for taxes, and not in re-
lation to the purchase. The portion of section 1 appli-
cable reads:

"In any case where any purchaser at any tax sale
shall purchase more than one parcel or tract of land

or lots, he may require the county clerk to include all such lands or lots in one deed."

The words "shall purchase," it is true, are in the future tense, but the sole object of the act was to save the expense of making and recording more than one deed where there were several tracts purchased by one purchaser at one time. And in view of the evident intent of the legislature, and the want of any reason for not applying the act to tax deeds executed at any time after the enactment, we adopt the view that the act applied immediately after it took effect to tax sales theretofore made as well as to those made thereafter.

Again, it is urged that the tax deed is void because it appears on the face thereof that the consideration was less than that required by the statute, by its omitting to include costs, fees and interest on the purchase price and the subsequent taxes, charges, interest, penalty, and costs. This question was decided adversely to the plaintiff's contention in *Davis v. Harrington,* 35 Kan. 196. That decision was cited with approval as late as *Kennedy v. Scott,* 72 Kan. 359. The decision was also approved in *Martin v. Garrett,* 49 Kan. 131. In *Kennedy v. Scott* it was said in the opinion, following cases there cited: "Understating the amount of the consideration does not render a tax deed void, inasmuch as it can result in no possible injury to any one unless it be the grantee." (Page 362.)

It is also contended that the deed is invalid in that it fails to state the amount for which each separate tract was sold and conveyed. On the other hand, it appears from the deed that the amount for which each lot was sold, as well as the subsequent payments, is very carefully tabulated separately from any other lot, and the deed recites as the consideration the gross amount for which each lot was bid in at the sale; so that it is not an inference but is derivable from the deed itself that the consideration stated for the conveyance of the lot in question was the amount for which this lot was sold at the tax sale of 1888.

As the tax deed had been of record more than fourteen years before the beginning of this action, and by the evidence it appears that the lot had been in the possession of the city and the church more than five years before the beginning of the action, no infirmity can be shown against the deed which does not appear upon the face thereof. (*Edwards v. Sims*, 40 Kan. 235; *Doudna v. Harlan*, 45 Kan. 484; *Havel v. Abstract Co.*, 76 Kan. 336.) The deed appears to be not invalid upon its face. We therefore hold it valid. As before said, having come to this conclusion we need not consider other questions raised.

The judgment is affirmed.