THE L. A. WATKINS MERCHANDISE COMPANY, *Appellee,*
v. THE MISSOURI, KANSAS & TEXAS RAILWAY COM-
PANY, *Appellant.*

No. 16,485.

### SYLLABUS BY THE COURT.

1. RAILROADS—*Liability to Shippers for Injury to Goods.* Ex-
cept as limited by the terms of the bill of lading, the liability
of a railway company is for all losses of goods intrusted to
it for shipment, except those occasioned by the act of God,
the public enemy or the contributing negligence of the shipper.

2. —— *Notice of Injury and Claim for Damages.* The failure
to instruct the jury as to a stipulation in the bill of lading
providing that a shipper shall present any claim for loss or
damages to the railway company within thirty days after it
has been sustained is not a ground for reversal where it ap-
pears that the railway company had acquired full knowledge
of the loss within a few minutes after it occurred and upon
learning the cause of the loss had instituted negotiations to
provide for the payment of the same, and where it denied
liability for the loss upon other grounds than a lack of de-
mand.

Appeal from Lyon district court; FREDERICK A.
MECKEL, judge. Opinion filed April 9, 1910. Affirmed.

*John Madden, W. W. Brown,* and *L. B. Kellogg,* for
the appellant.

*R. M. Hamer,* and *W. C. Harris,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the L. A.
Watkins Merchandise Company to recover damages
from the Missouri, Kansas & Texas Railway Company
for the loss of coal tar which the railway company un-
dertook to transport from Emporia, Kan., to Denver,
Colo. The tar was lost after it had been loaded in a
car and intrusted to the railway company for ship-
ment. On the first trial of the case the district court
directed a verdict in favor of the plaintiff, but upon an
appeal to this court it was held that there was testi-

mony to be weighed and disputes to be settled which required the submission of the case to the jury. The ruling, therefore, taking the case from the jury compelled a reversal of the judgment. (*Railway Co. v. Watkins*, 76 Kan. 813.) On the second trial, and upon testimony substantially similar to that received on the first trial, the jury returned a verdict for the plaintiff. Some of the questions reargued on this appeal were determined by the decision on the first review and are not open to further consideration. There was testimony that the tar was loaded on a car provided by appellee, and was placed on a connecting track of the Missouri, Kansas & Texas Railway Company, when it was in good condition. After the delivery of the car and before the loss the railway company issued a bill of lading, which, among other things, provided that the company should not "be liable for leakage or fermenting of any kinds of liquids, arising from expansion, bursting of packages, or other unavoidable causes." On the first review it was held that in the testimony there was ground for an inference that the loss might have been caused by the defective condition of the tank car furnished by appellee, but whether this was the cause of the loss was a proper question for a jury. In the second trial the inferences were drawn and the deductions were made by the jury, and they made special findings that the car was not an old one and was not in bad condition when it was loaded or when it was accepted for shipment by the railway company. This was a practical determination of the principal question of fact left for disposition in the second trial. On the first trial the railway company filed a demurrer to plaintiff's evidence, which was overruled, and this ruling was approved in the first review. The liability of the railway company, except as limited by the terms of the bill of lading, is for all losses except those occasioned by the act of God, the public enemy or the contributing negligence of the shipper. So far as the appellee is concerned, it is immaterial what the relations

were between the appellant and the Atchison, Topeka & Santa Fe Railway Company, which carried the car from the gas works and placed it on appellant's line, for which the appellant paid that company $2; nor is it important to inquire at this time whether that company is responsible to appellant for the loss. Appellant is a common carrier and is responsible for the loss of the goods intrusted to it, unless the loss appears to have resulted from one or more of the excepted causes. There is nothing in the testimony which brings the appellant within any of the exceptions to the common-law liability of a common carrier.

There is nothing new or substantial in the objections to testimony, nor is there any good cause to complain of the instructions. There was a stipulation in the bill of lading that any claim which the shipper might have against the railway company on account of loss or damage occurring on its line should be presented within thirty days after the loss or damage was sustained. This provision was evidently intended for the benefit of the railway company, in order that it might inquire into the cause of the loss and its liability therefor. The stipulation is not a material consideration in this case. The railway company had notice of the injury to the tank car and of the resulting leakage within a few minutes after it occurred. The agent of the company inspected the break and had ample opportunity to gain full information as to the condition of the car and the cause of the leakage, and also to use any available means to prevent further loss. The appellee could not have given the railway company any more information than it already possessed. Negotiations were promptly begun by appellant with reference to the claim and with a view of fixing the responsibility for the loss upon the Santa Fe railway company. The officers of appellant seemed to think that it could not shoulder the responsibility upon the Santa Fe railway company until a judgment against appellant had been rendered.

Appellant did not resist payment because of a lack of demand or notice, but did insist that the loss resulted from the defective car which appellee furnished. This claim was negatived by the jury. The failure to instruct on the matter of a demand is not a ground of reversal. The judgment is affirmed.

GRAVES, J., not sitting.