W. T. LeCOMPTE, *Appellant*, v. L. V. SMITH, *Appellee*.
No. 16,507.

1. TAX DEEDS—*Consideration for which Each Tract Was Conveyed.* A tax deed was not void on its face because it did not sufficiently state the amount for which each of several tracts was conveyed.

2. ———— *Sale to the Best Bidder.* A claim that a tax deed failed to show with certainty that the land was sold to the best bidder at the tax sale not sustained.

3. ———— *Conveyance of Several Tracts—Certificate of Purchase for Each Tract Sold.* The recitals of a deed conveying several tracts were sufficient to show that the treasurer issued a separate certificate of purchase for each tract sold.

Appeal from Kearny district court; WILLIAM H. THOMPSON, judge. Opinion filed May 7, 1910. Affirmed.

*Lee Monroe*, and *George A. Kline*, for the appellant.
*O. H. Foster, Edgar Foster*, and *Fred J. Evans*, for the appellee.

*Per Curiam:* The appellant brought this action to set aside a tax deed issued to the appellee. At the time of bringing the action the tax deed had been of record

.more than five years, and the appellee was in possession of the land. The question involved is whether the tax deed is void upon its face. If valid upon its face, the judgment of the court must be affirmed.

Three objections are made to the validity of the deed. The first is for a failure to state in the deed the amount for which each tract was conveyed. The land in question was sold in four separate tracts. As shown by the face of the deed, the first tract, No. 1, was sold for $13.20; No. 2, for $10.86; No. 3, for $6.76; No. 4, for $6.92. The aggregate of these amounts is $37.74, which is the exact consideration recited in the granting clause of the deed for the conveyance.

The deed on its face also undertakes to recite the amount of taxes paid by the purchaser on each tract for the four years following the sale; but this is not a necessary recital, as the payment of subsequent taxes was no part of the consideration for which the deed was made. (*Jones v. Garden City*, 81 Kan. 59.)

The second objection is that the deed fails to show with certainty that the appellee was the best bidder at the tax sale. We think the deed is not open to this objection. It recites:

"And whereas, at the place aforesaid, as they were as aforesaid severally, and in due course, offered for sale, and sold to L. V. Smith, of the county of Finney and state of Kansas, . . . having offered to pay the whole amount of taxes, interest, penalty and costs then due and remaining unpaid on each of the said parcels, tracts and lots of said property hereinbefore described and severally numbered, to wit, on the parcel, tract or lot in said description numbered 1, the sum of thirteen dollars and twenty cents ($13.20); on that numbered 2, ten dollars and eighty-six cents ($10.86); on that numbered 3, six dollars and seventy-six cents ($6.76); on that numbered 4, six dollars and ninety-two cents ($6.92); for the whole of each of said parcels, tracts and lots respectively, which, as to each of them, was the least quantity bid for, and payment of said several sums, aggregating the sum of thirty-seven dollars and seventy-four cents, having been made by him to the treasurer, the said property was, severally

as aforesaid, struck off to him at the prices aforesaid, and a certificate of purchase issued to him by the treasurer."

The deed shows that the appellee bid the whole amount of taxes, interest, penalty and costs on each tract, which as to each of them was the least quantity bid for. The highest bid that can be received at a tax sale is the entire amount of taxes, interest, penalties and costs, and the only better bid there can be is where someone bids to take a portion of a tract at the entire amount. The tax deed recites that no one offered to take a less quantity of land, hence it appears the land was sold for the highest bid possible, and it is not to be presumed that there were two best bids.

The third objection is that the deed shows affirmatively that the treasurer failed to issue a separate certificate of sale for each tract of land. The recital of the deed is, "the said property was, severally as aforesaid, struck off to him at the prices aforesaid, and a certificate of purchase issued to him by the treasurer." It was the duty of the treasurer to issue a separate certificate for each tract of land sold, although several tracts of land may be embraced in one tax deed, and the recital here is that the tracts were severally struck off to the purchaser and a certificate of purchase issued to him by the treasurer. While this recital refers to the certificate in the singular number, indulging the presumption which should be indulged to support every tax deed which has been of record more than five years we should repeat the word "severally" after "and," making it read, "and severally a certificate of purchase issued to him by the treasurer."

Indulging the presumptions which it has been repeatedly held by this court should be indulged to sustain a tax deed under the provisions of section 141 of chapter 34 of the Laws of 1876 (Gen. Stat. 1909, § 9483), this deed should be held valid on its face, and the judgment is affirmed.