DAVID TAYLOR v. CHARLES P. WOODBURY et al. (WILLIAM BABBITT, Cross-petitioner, Appellant; ROBERT B. CAMPBELL et al., Appellees).

No. 17,466.

SYLLABUS BY THE COURT.

1. TAX DEED—Five Years Old—Statute of Limitations. When suit to quiet title against a tax deed is commenced less than five years after the deed is recorded but the tax-title holder and parties who claim under the deed are not made defendants until the deed is more than five years old, it will be entitled to the protection afforded by the five-year statute of limitation.

2. ——— Several Tracts—Void as to Part—Valid as to Others. A tax deed five years old which purports to be for several tracts of land, and which is void as a conveyance of title to one of the tracts by reason of lack of description, is not for that reason void as to other tracts attempted to be conveyed and which are properly described.

3. ——— *Same.* The recitals in a tax deed five years old examined, and held to show a separate sale of each tract and the amount for which each was sold and conveyed.

Appeal from Clark district court. Opinion filed March 9, 1912. Affirmed.

*Francis C. Price,* for the appellant.

*Robert C. Mayse,* and *W. W. Harvey,* for the appellees; *H. J. Bone,* of counsel.

The opinion of the court was delivered by

PORTER, J.: This is a suit to quiet title to twelve tracts of land in Clark county, and was commenced November 27, 1905, by David Taylor, as plaintiff, against thirty-eight defendants. The appellant, William Babbitt, upon his own application as successor in interest, was substituted for one of the original defendants and filed his answer. The plaintiff dismissed the action as to Babbitt, who thereupon filed a cross-petition in which he sought to quiet title to three of the tracts involved in the original action. The plaintiff filed an answer to the cross-petition. The suit stood with the issues joined between these parties until February 24, 1910, when the appellant, by leave of court, made Robert B. Campbell, H. B. Waldron and The Irrigation Loan & Trust Company defendants, and sought to quiet title against them. Campbell filed an answer claiming title to tract No. 3. H. B. Waldron answered claiming title to tract No. 2, and The Young Brothers Cattle Company, upon its application, was substituted for The Irrigation Loan & Trust Company, and answered claiming title to tract No. 1.

The case was tried before the court. The evidence disclosed that the original plaintiff, David Taylor, never acquired any title of record to the real estate. The court made findings of fact and conclusions of law, and gave judgment against Babbitt in favor of

Waldron, Campbell and The Young Brothers Cattle Company for the lands claimed by them respectively. Babbitt appeals.

The appellant's title was shown to be absolute unless it is defeated by a tax deed to The Irrigation Loan & Trust Company, and subsequent conveyances to the appellees. Each of the three appellees claim to own separate tracts under different conditions as to title. The Young Brothers Cattle Company claim title to 160 acres of the land under a quitclaim deed executed and delivered February 21, 1910, from The Irrigation Loan & Trust Company, the holder of the tax title. The trust company was made a party defendant February 24, 1910. It is a nonresident foreign corporation, and on March 19, 1910, entered its voluntary appearance and filed a disclaimer as to the land claimed by The Young Brothers Cattle Company. Previous thereto, and on March 1, 1910, the appellant had filed an affidavit for service upon the trust company by publication, and now makes the contention that The Young Brothers Cattle Company was a purchaser *lis pendens* because the entry of appearance of its grantor on March 19, when the appellant was doing everything possible to obtain service by publication, resulted in jurisdiction of the trust company which relates back to February 24, 1910. While this is true (*Canaday v. Davis*, 79 Kan. 816, 101 Pac. 626) still The Young Brothers Cattle Company would not be a purchaser *lis pendens* unless the appellant is correct in his further contention that the cattle company acquired no interest in the lands until its deed was recorded March 4, 1910. The court rightly held that it acquired title February 21, 1910, when the deed was executed and delivered. (*Babbitt v. Johnson*, 15 Kan. 252; *Cain v. Robinson*, 20 Kan. 456.) Upon the question of notice the court made findings as follows:

"3. The plaintiff, David Taylor, held a contract of purchase from The Irrigation Loan & Trust Company and also unrecorded deeds from that company with

the names of the grantees left blank, with the intention of putting the name of the purchaser in the deed as grantee when he should sell some of the land. The plaintiff had nothing of record in Clark County, affecting this land, except his petition in this action to quiet title.

"4. The petition of the plaintiff filed did not disclose the source of his title, nor did the answer and cross petition of the defendant Babbitt which he filed in May, 1907, disclose his source of title.

"5. So far as the records of Clark County showed The Irrigation Loan & Trust Co. held the tax title until the deed from them to Campbell dated February 9th, 1905, which was delivered some time in 1908, and recorded April 7th, 1908. This deed is one that had been issued to the plaintiff Taylor conveying that tract to a blank grantee and afterwards filled in with the name of Mr. Campbell as grantee; and the deed to the Young Brothers Cattle Co. was from the Irrigation Loan & Trust Co., dated February 21, 1910, and recorded in Vol. 7, Q. C. D. at page 315.

"6. As to possession of the land, both the plaintiff and the defendant Babbitt allege that the lands were vacant and unoccupied when the suit was brought, except that one tract was in the Campbell pasture and the other in the Messing pasture but the cattlemen had no claim then on the land. Judge Martin leased the land, one tract to Messing and the other one later to Mr. Campbell, but he leased it in his own name and not in the name of Taylor. So, so far as this case is concerned no one has had the actual possession claiming to own the land for five years. The land may be regarded as vacant till after the deeds were acquired by Campbell and the Young Bros. Cattle Co.

"7. Mr. Campbell, the purchaser of tracts 2 and 3 had no actual notice of the pendency of this action, when he purchased the land and took the deed from the Irrigation Loan & Trust Co. in April, 1908. The Young Bros. Cattle Co. had no actual notice of the pendency of the suit, when it took title to tract No. 1, in February 21, 1910, unless notice to Mr. Mayse, his attorney, was notice to them, by which they would be bound. The evidence shows that Mayse was attorney for the Young Bros. Cattle Co. and that he took title in other lands involved in this action from Mr. Taylor and accepted deeds from him, or rather

from him through Judge Martin, his attorney, that had been signed by The Irrigation Loan & Trust Co. and that he carried on the negotiations for the purchase of this tract with Judge Martin."

The court held the notice not sufficient to make the purchase subject to the judgment or decree in the suit between Taylor and Babbitt for the reason that the Irrigation Loan and Trust Company was not a party to the suit when the conveyance was made.

There is a claim that the undisputed testimony shows actual notice to the Young Brothers Cattle Company, through its president, but we can not disturb the finding made upon oral testimony and afterwards approved by the trial court when it overruled the motion to set aside finding No. 7 as being contrary to the evidence.

The appellee Robert B. Campbell became a party to the suit February 24, 1910. He filed his answer and cross-petition claiming title by virtue of a quitclaim deed from The Irrigation Loan and Trust Company, dated February 5, 1905, and recorded April 7, 1908. Upon the question of Campbell's notice the finding of the court is:

"Mr. Campbell, the purchaser of tracts 2 and 3 had no actual notice of the pendency of this action, when he purchased the land and took the deed from The Irrigation Loan & Trust Co., in April, 1908."

The appellant claims that this does not amount to a finding that Campbell had no notice or knowledge sufficient to put him upon inquiry, and cites *Stadel v. Aikins*, 65 Kan. 82, 68 Pac. 1088, where it was said in the opinion:

"The finding, as will be observed, is not that he had no notice of the lien, but it is that he had no actual knowledge that a lien was claimed during the time that the corn was being hauled. There is no finding that he was without constructive notice of the lien before a sale was consummated." (p. 83.)

In that case the court construed the effect of the statute giving the landlord a lien upon the crops for rent

and authorizing him to recover from the purchaser of the crop "with notice of the lien." Following *Scully v. Porter,* 57 Kan. 322, 46 Pac. 313, it was held that a purchaser without actual knowledge of a landlord's lien may have notice of facts sufficient to put him upon inquiry which, if pursued, would disclose the fact of the lien. The finding of the court is that Campbell did not have actual notice of the pendency of the action prior to taking his conveyance. The record title stood in his grantor; he held the land under a lease obtained from F. L. Martin, who, according to Campbell's testimony, he understood to be acting for the owner. The quitclaim deed had been executed in February, 1905, with no grantee's name inserted, and was left with Martin, who sold the land to Campbell and in writing authorized the grantee's name to be inserted when the deed was delivered in 1908. Campbell's testimony is that he did not know anything of the suit brought by David Taylor until he purchased and that Martin never informed him that Taylor had any interest in the land. Under these circumstances it is difficult to see what facts he had knowledge of which could be said to put him upon inquiry or to suggest occasion for asking Martin who the owner of the land was. We think the finding of the court must be upheld and that upon the findings Campbell was not a purchaser *lis pendens.* He was bound by the proceedings only from the time he became a party.

It is conceded that appellee H. B. Waldron was not a purchaser *lis pendens.* He acquired his title by a conveyance from Campbell executed April 1, 1909. The appellant contends that Waldron is not an innocent purchaser, for the reason that he had not completed his purchase at the time he became a party to the suit and because at the time of the trial he still held a part of the purchase money. The court rightly held that as Campbell, from whom Waldron purchased, had no notice of the action, the latter was not bound by it. He ac-

quired whatever title Campbell held, and since Campbell was not a purchaser *lis pendens,* Waldron acquired a title unaffected by the suit.

The tax deed being more than five years old when the tax-title holder and the appellees became parties to the suit, it is entitled to the protection afforded by the five-year statute. (*Gibson v. Freeland,* 77 Kan. 450, 94 Pac. 782.) Was it void on its face? It contains the following recital:

"Whereas, at the place aforesaid F. M. Gage, having offered to pay the whole amount of taxes, interest and cost then due and remaining unpaid on said tracts No. to wit: Which was the least quantity bid for the payment of the said sum having been made by him to the said treasurer. The said property was stricken off to him at said price set opposite above in due course of sale as the same were reached and certificate of sale issued to him for said tracts."

Appellant claims that since no tracts are described after the words "to wit," it necessarily follows that all the lands first described were bid in by F. M. Gage. We think the ambiguity, at least so far as the tracts in controversy are concerned, disappears when the other portions of the deed are examined. After reciting that "certificate of sale" was issued to Gage for "said tracts," it states that he assigned "said certificates" to The Irrigation Loan & Trust Company. The deed then recites that one of the tracts was struck off to S. F. Bowman, who assigned his certificate of sale to the same assignee, and then follows a recital that:

"Fred W. Casner offered to pay the whole amount of taxes, interest and costs then due and remaining unpaid on said tracts No. to-wit: (5) NW ¼ of Sec. 31-30-22 the sum of $7.22. . . . (10) N ½ of NE ¼ SW ¼ of NE ¼ NW ¼ of SE ¼ of Sec. 17-33-25 the sum of $8.10. . . . Which was the least quantity bid for and payment of the said sum having been paid by him to the said treasurer, the said property was stricken off to him at said price set opposite above in due course of the sale as the same was reached and certificate of sale issued to him for said tracts."

This is followed by a recital that Fred W. Casner duly assigned "said certificate of sale to the property aforesaid" (describing the five tracts by number) to The Irrigation Loan & Trust Company.   The recitals in the deed that tract No. 4 was bid in by Bowman and tracts 5, 6, 8, 10 and 12 were sold to F. W. Casner demonstrate that tracts 1 and 3 were all that were sold to Gage.   While tracts 1 and 2 are not referred to in the description of the lands offered for sale, the tracts in which the land in controversy are included are properly identified.   The ambiguity in respect to tracts 1 and 2 in no way affects the sale and conveyance of tracts 5 and 10, in which are included the lands in controversy. The trial court, though expressing some doubt as to its validity, upheld the deed in view of the necessary inferences and presumptions to which it is entitled after being of record five years, and construed the recitals to mean that a part of the land was bid in by Gage, a part by Bowman, and the other tracts by Casner, and that before the time arrived for deed the lands bought in by Gage and Bowman had been redeemed.   This explanation of the deed seems to be as plausible as any that can be suggested.  The deed, so far as it affects the land involved here, must be held valid.

The appellant objects to the deed because of the recital that "certificate" instead of "certificates" issued to Casner.   The reasonable inference is that the plural "s" was omitted by a mistake, and the recital should be given the same effect as though it had read "certificates."   It is the duty of the county treasurer to issue separate certificates (*LeCompte v. Smith,* 82 Kan. 543, 108 Pac. 116), and the presumption is that he did this.

The recitals which we have quoted *supra* show without any room for controversy that there was a separate sale of each tract.   (*Trust Co. v. Davis,* 76 Kan. 639, 92 Pac. 707; *LeCompte v. Smith,* supra.)   A number of minor objections are raised to the deed, but they are

42—86 KAN.

not deemed of sufficient importance to affect the validity of a deed which has been of record five years.    .

We find no error in the record and the judgment is . affirmed.