GILKEY vs. COOK.

*February 25 — March 18, 1884.*

*(1) Tax deed how executed by deputy county clerk. (2, 3) Limitation of actions to recover lands sold for taxes: Repeal or continuation of statute: When taxes levied.*

1. In the absence or disability of the county clerk his deputy may execute a tax deed either by signing his own name as deputy or by writing the clerk's name and adding by himself as deputy. A remark in *Huey v. Van Wie*, 23 Wis., 613, criticised.

2. Ch. 250, Laws of 1882, by which sec. 1210d, R. S. is "amended so as to read as follows," was intended to be a mere continuation of said section, with the addition of certain remedial provisions, and not to embrace cases not theretofore covered by it. The words "heretofore" and "hereafter" in said chapter, relate to the time when said section took effect in November, 1878.

3. Tax sales made in 1879 were not for the nonpayment of taxes levied prior to November 1, 1878, within the meaning of sec. 1210d, R. S.

APPEAL from the Circuit Court for *Marinette* County. The opinion states the case. The plaintiff appealed from a judgment in favor of the defendant.

For the appellant there was a brief by *Webster & Brazeau,* and oral argument by *Mr. Webster.* They contended, *inter alia,* that the tax deed was void on its face because executed by the deputy in his own name instead of the name of his principal. R. S., sec. 1176; *Huey v. Van Wie,* 23 Wis., 613; Blackwell on Tax Titles, 375; *Wilsons v. Bell,* 7 Leigh, 22; *Flanagan v. Grimmet,* 10 Grat., 431; *Lynch v. Livingston,* 6 N. Y., 422. It is true that where one statute amends another "so as to read as follows," the prior statute is repealed. But the effect of the repeal of a statute and its re-enactment in the same words by a statute which takes effect at the same time with the repealing act, is to continue such statute in uninterrupted operation. *Laude v. C. & N. W. R'y Co.,* 33 Wis., 640; *Fullerton v. Spring,* 3 id., 667; *Hurley v. Town of Texas,* 20 id., 634; *State v. Gumber,* 37 id., 298; *Ely v. Holton,* 15 N. Y., 595. Sec. 1210d, R. S., was therefore continued in uninterrupted operation by ch. 250, Laws of 1882, and, no change being made in its language, its scope was not enlarged.

For the respondent there was a brief by *Hastings & Greene,* and oral argument by *Mr. Greene.* They argued, among other things, that the execution of the tax deed in the mode adopted by the deputy, was sufficient. *Miller v. Lewis,* 4 N. Y., 554; *Eastman v. Curtis,* 4 Vt., 616; *Beaumont v. Yeatman,* 8 Humph., 542; *McCraven's Heirs v. McGuire,* 23 Miss., 100; *Touchard v. Crow,* 20 Cal., 150; *Jacobs v. Measures,* 13 Gray, 74; Story on Agency, § 149, note 2; Dunlap's Paley on Agency, 398; *Chapin v. Allison,* 15 Ohio, 566; *Walke v. Bank of Circleville,* id., 288; *Calender v. Olcott,* 1 Man. (Mich.), 345. Sec. 1210d, R. S. was repealed by ch. 250, Laws of 1882, the former statute becoming as if it had never existed, and the latter commencing as if none had preceded it. *State v. Ingersoll,* 17 Wis., 631; *Goodno v. Oshkosh,* 31 id., 127; *Sydnor v. Palmer,* 32 id., 407; *Billings v. Harvey,* 6 Cal., 381; *Coffin v. Rich,* 45 Me.,

507. The act of 1882 began to speak at the time it took effect, and the word "heretofore" therein could relate to no other time. *Rice v. Ruddiman*, 10 Mich., 125; R. S., sec. 4971, subd. 22; *Andrews v. Thayer*, 40 Conn., 156. That word is used several times in the act and must be taken to have been used everywhere in the same sense. Sedgwick on Const. & Stat. Law, 222; *Regina v. Commissioners*, 6 Ad. & El., 68. But this case is within the provisions of sec. 1210*d*, R. S., independent of the act of 1882. That section took effect November 1, 1878; and the sale of 1879 was for the nonpayment of taxes levied before November 1, 1878, although it included some levied subsequent to that date. All the state, town, road, and school district taxes were levied prior to November. The fact that it included taxes levied thereafter does not make it any the less a sale for those levied theretofore.

COLE, C. J. This is an action of ejectment, commenced September 7, 1883. For the purposes of the trial it was admitted that the plaintiff had the patent title and was entitled to recover unless the defendant was the owner of the land by virtue of a tax deed bearing date and recorded May 29, 1882, issued on the tax sale of 1879. No question was made but that the statute of limitations was well pleaded in the answer. The plaintiff objected to the admission of the tax deed in evidence on the ground that it was void upon its face because it was executed by the deputy clerk in his own name. The objection was overruled and the deed was received in evidence. The plaintiff then sought to impeach the tax deed by showing irregularities in the tax proceedings, but this evidence was excluded because the nine months' limitation had run upon the deed before the suit was commenced. The defendant had judgment.

The first question to be considered is, Was the tax deed properly executed by the deputy clerk in his own name?

We think the question must be answered in the affirmative.

The statute requires the county clerk to appoint a deputy in writing under his hand, and, in case of the absence or disability of the clerk, or of a vacancy in the office, such deputy is authorized to perform all the duties of the clerk during such absence or until the vacancy is filled. Sec. 706, R. S. The county clerk is the officer to execute tax deeds. Sec. 1176. As the deputy, in the absence or disability of the clerk, is clothed with all the statutory powers of that officer and required to perform his duties, there can be no doubt but he may execute the tax deed. But the question is, How must he execute it? It is claimed by the learned counsel for the defendant that the deputy, in the absence of the clerk, is *pro hac vice* the incumbent of the office, and may execute the deed either by describing himself and signing it as deputy, without naming the clerk, or by reciting and writing the clerk's name and adding by himself as deputy. In either form it is said it plainly appears that the deputy, in the exercise of a power vested in him by law, executed the deed, and that the clerk did not. This position, we think, is sound, and it is fully sustained by the authorities cited on the brief of counsel. In *Huey v. Van Wie,* 23 Wis., 613, the tax deed was executed by the deputy, who signed the clerk's name and added his own name as deputy. The deed was held to be well executed. In the opinion, I say the power to make the deed is vested in the officer, and when the deputy acts he should do so in the name of his principal. I refer to the general rule that any ministerial duty may be performed by deputy, and add that the deputy should proceed in the name of his principal. This general remark is doubtless open to the just criticism passed upon it by counsel, that it was not necessary for the decision there made, and fails to make the proper distinction between an act performed by an agent on behalf of his principal and

an act performed by a deputy who is authorized by law to do the act in question. In the one case the agent derives his authority to act from his principal for whom he acts. In the other the deputy derives his authority from the law which clothes him with all the power of the clerk in the given case, or rather makes him the officer to perform that duty for the occasion. The distinction is well founded in reason and should not be overlooked. It follows from this view that the tax deed was properly executed by the deputy, in his own name.

The next question is, Could the tax deed be impeached by showing such irregularities in the tax proceedings as would avoid it, or was that inquiry foreclosed by the bar of the statute? We stated at the outset when the action was commenced, and when the tax deed was recorded. What limitation, under such circumstances, must apply? The defendant's counsel says the nine months' limitation; the counsel on the other side insists that it is the three years' limitation. The whole question depends upon the effect given ch. 250, Laws of 1882, which amends sec. 1210$d$, R. S. That chapter enacts that sec. 1210$d$ shall read as follows: "Every action or proceeding for the recovery of lands heretofore sold, or which may hereafter be sold, for the nonpayment of taxes heretofore levied, shall be commenced within nine months after the recording of the tax deed, and not thereafter: provided, that in the case of tax deeds issued prior to the 25th day of March, 1878, the action, if not then barred, must be brought within nine months from that day, and not thereafter." Then follows a proviso and additional provisions, the portion quoted being but a literal repetition of the language of sec. 1210$d$. Now, the counsel for the plaintiff insists that it was not the object and intent of the legislature, in re-enacting sec. 1210$d$ in the manner they did, to alter the old law so as to make the nine months' limitation apply to and cover cases which were

not within the scope of that section prior to the re-enact-ment, but was merely to add to the section the new matters therein contained. So he says the words in the law of 1882, "*lands heretofore sold*," "*taxes heretofore levied*," relate to a time prior to the taking effect of sec. 1210*d*, and not to the time prior to the taking effect of the act of 1882.

It seems to us that there is great force in that view of this legislation. This construction derives much support from the language of the proviso in sec. 1210*d* which was re-en-acted. That proviso is that in the case of tax deeds issued prior to March 25, 1878, the action, if not then barred, must be brought within nine months "*from that day, and not thereafter.*" Of course, it would be perfectly stupid and absurd to provide in a law which took effect April 14, 1882, that an action to recover lands sold for taxes, where the tax deed was issued prior to March 25, 1878, must be brought within nine months from that day and not thereafter. For the nine months' limitation would have expired more than three years and three months before the new law went into operation. This shows that we cannot give sec. 1210*d*, as re-enacted, a literal construction. Besides, by re-enacting the limitation in the act of 1882, if it is made to include all deeds based on sales for nonpayment of taxes levied prior to April 14, 1882, it would necessarily in many cases extend the limitation beyond three years. Consequently, we are inclined to hold that ch. 250 was intended to be a mere con-tinuation of sec. 1210*d*, but did not enlarge the scope of that section so as to embrace cases not theretofore covered by it. Ordinarily the word "heretofore," where it occurs in any statute, is construed to mean any time previous to the day when such statute takes effect, and the word "hereafter" to mean the time after the statute containing the word takes effect. But to so construe these words in the law of 1882 would, we think, be inconsistent with the manifest intent of the legislature in enacting it. Sec. 1210*d* was doubtless re-

enacted for the purpose of adding the remedial provision to it intended to apply only to cases theretofore embraced within the section. We are not unmindful of the rule of construction which has frequently been recognized by this court that where the later statute covers the whole subject of the earlier, and embraces new provisions which plainly show that it was intended as a substitute for the first, it will operate as a repeal by implication. But it is a question of legislative intent, which, in the case before us, is plain, as we have stated. We do not go into an examination of the cases upon this point as we do not intend to go counter to them. This case is peculiar, and may well stand upon the language used in the law of 1882.

The position that the taxes — for the nonpayment of which the sale was made in 1879 — were levied prior to November 1, 1878, seems to us so clearly untenable as not to require comment.

It follows from these views that evidence to impeach the validity of the tax deed should have been admitted.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.