Statement of the case.

Laura T. McRee et al. *v.* Frank S. Swalm.

1. OFFICER'S DEATH. *Deputy. Sheriff and tax collector. Code* 1892, § 3079. *Tax sale.*

Under code 1892, § 3079, providing that, in case of the death of an officer, his deputy, if he leave one, may continue to discharge the duties of the office in the name of the deceased officer, as if he had not died, until the vacancy in the office shall be filled according to law, a deputy sheriff and tax collector may sell lands for taxes after the death of his principal and before the vacancy in the office is filled.

2. SAME. *De facto deputy.*

It is not essential to the power of the deputy in such case that his appointment and qualification should have been perfectly regular. If he were *de facto* deputy sheriff and tax collector and left in possession of the office at the death of his principal, he may perform all the duties of a regularly appointed and qualified deputy.

3. SAME. *Source of power.*

In such case the deputy derives power from the statute, and not from his deceased principal, but his deed to land sold at tax sale will not be invalid because executed by him in the name of the deceased sheriff and tax collector.

FROM the chancery court of Lincoln county.

HON. HENRY C. CONN, Chancellor.

Mrs. McRee and her children, appellants, were complainants in the court below; Swalm, appellee, was defendant there. The object of the suit was to cancel a tax deed. The defendant answered the bill, and by way of a cross-bill sought the confirmation of the tax deed. The demurrer of complainants to the cross-bill having been overruled, they appealed to the supreme court.

The deed sought to be canceled is in the form prescribed by statute, but is signed, "Chas. McNair, Tax Collector, by R.

C. Applewhite, Deputy,'' and the acknowledgment is as follows: "Personally appeared before Felix May, chancery clerk of Lincoln county, R. C. Applewhite, deputy tax collector of Lincoln county, who acknowledged that he signed and delivered the foregoing instrument, as tax collector aforesaid, on the day and year therein mentioned." At the time the sale was made, Applewhite had no written appointment as deputy sheriff, and had not qualified as such, as directed by the statute. He had been employed by the sheriff and tax collector as an assistant in the office for a year or so, when the sheriff, McNair, died, and there was no sheriff at the time the sale was made, but Applewhite was in possession of the office and acting as such deputy, and continued to do so until a successor to the sheriff was appointed and qualified, and was recognized as such by the public.

The question presented was the validity of the tax deed so made, and this resolved itself into an inquiry touching the power of Applewhite to make the tax sale. The code section specially involved is as follows:

"3079 (423). *Deputy to discharge duty after death of officer.* —If any state or county officer shall die having a deputy, the deputy may continue to discharge the duties of the office in the name of the deceased officer as if he had not died, until the vacancy in the office shall be filled according to law, and the official bond of the deceased officer and his estate shall be a security for the faithful performance of the duties of the office by the deputy, who shall be subject to all the provisions of law applicable to his principal in his lifetime; and the personal representative of the decedent shall have like remedy against the deputy as the decedent would have if living."

*H. Cassedy*, for appellants.

Although the duties of sheriff and tax collector are required to be performed by the same person, still the statute provides for two offices, with distinct, well-defined duties and liabilities,

one denominated the office of "sheriff" and the other the office of "tax collector" or "collector." In his administration of his office as sheriff the incumbent is allowed by statute to appoint one general deputy and as many special deputies as he may have occasion to use. By the utter absence of any provision for a deputy tax collector, and the provision for a "deputy sheriff," it is to be presumed that the lawmakers intended that the sheriff should perform those duties, which lasted only a few months in the year, in person and not by deputy. The law gives him his deputies to carry on the sheriff's office while he collects the taxes.

The sale and tax deed in this case should have been made by the officer himself. Could it be claimed that a deputy sheriff even would have authority to make a deed to the land sold by his principal, under execution; for instance, because of the clause in § 4112, "Such deputies shall have authority to do all the acts and duties enjoined upon their principals?" The answer would be found in § 2485 of the code. But appellee may claim that the deputy might make the conveyance after the death of the principal under the authority of § 3079, but he could not, because such a contingency is provided by § 2442.

A deputy sheriff cannot make sale of land for delinquent taxes after the death of the collector and make a valid deed to the purchaser, because there is no one authorized to make the deed but the collector himself, and having no deputy provided by law, in this case there was no one to act. Even though the sheriff had a duly appointed deputy at the time of his death, the deputy could not have acted as tax collector, because the law only authorized him to perform the duties of sheriff, and tax collecting was not one of the duties prescribed for the sheriff, but for the tax collector to perform.

"A deputy is one who, by appointment, exercises an office in another's right, having no interest therein, but doing all things in his principal's name, and for whose misconduct the principal is answerable. He must be one whose acts are of

equal force with those of the officer himself, must act in pursuance of law, perform official functions, and is required to take the oath of office before acting." 5 Am. & Eng: Ency. Law (1st ed.), 623.

This definition of a "deputy" describes the person provided for by § 4112 of the code. In this case the appointment of Applewhite was not in writing, nor did he take and subscribe to an oath, before entering upon his duties, faithfully to execute the office of deputy sheriff, nor was the appointment, with the certificate of the oath, filed and preserved in the office of the clerk of the board of supervisors. The most this so-called deputy could claim was that he was a *de facto* officer and not a *de jure* deputy sheriff, and this is all that is claimed for him by the appellee. He had no color of title to the office. There must be color of right by election or appointment, or an acquiescence by the public for a length of time, which will afford strong presumption of colorable right before he can even be a *de facto* officer. If he was a mere intruder, acting without color of right and without recognition by the public, no one should believe him to be an officer and deal with him as such, for no one can reasonably believe a fact to exist for which he has no reasonable grounds. *Dabney* v. *Hudson*, 68 Miss., 292.

While it may be possible that Mr. Applewhite was *de facto* deputy sheriff, he could not be *de facto* tax collector during the incumbency of the collector, nor deputy tax collector either *de facto* or *de jure*, because the law provides for no such officer.

*P. Z. Jones*, for appellee.

Sheriff is tax collector. See sec. 135, constitution 1890; § 4143, code 1892.. Deputy sheriff may perform all things that can be done by his principal. Section 4112, code 1892. Deputy should discharge duties of office after death of principal until vacancy is filled. Section 3079, code 1892. Acts

of *de facto* officer valid. Section 3065, code 1892. *Railway Co.* v. *Bolding*, 69 Miss., 255; *State* v. *Basham*, 77 Miss., 688; *Whitman* v. *Owen*, 76 Miss., 783. Tax sale by a *de facto* officer conveys a good title. 8 Am. & Eng. Ency. Law (2d ed.), 819. The policy of the law requires the acts of an officer *de facto* to be sustained in tax cases on the same reasons that sustain them in others. Cooley on Tax., 255; *Ray* v. *Murdock*, 36 Miss., 692. The collector is a ministerial officer and may act by deputy, and a sale by a deputy is legal and valid. 26 Am. & Eng. Ency. Law (1st ed.), 289, 383, 675.

WHITFIELD, C. J., delivered the opinion of the court.

After a careful consideration, we are of the opinion, clearly, that a deputy sheriff is, *virtute officii*, also deputy tax collector, and that Applewhite was in this case a *de facto* deputy tax collector. Under code, §§ 4143, 4112, 3079, 3065, we think it is clear that Applewhite was *de facto* deputy tax collector, and was duly authorized to make this sale. The deed is in proper form. See *Whitford* v. *Lynch*, 10 Kan., 180; *Gilkey* v. *Cook*, 60 Wis., 133 (18 N. W. 639). Black on Tax Titles states : Where the local statute authorizes the deputy county clerk to perform all the duties of the county clerk during the absence or disability of the latter, or during a vacancy in his office, and the deputy, under these circumstances, is called upon to execute a tax deed, it is proper for him to execute it in his own name, by describing himself and signing it as deputy, and without naming the clerk, as he derives his authority, not from his principal, but from the law, which clothes him with all the power of the clerk in the given case, or, rather, makes him the officer to perform that duty for the occasion.'' In the particular case the deed recites that it was made by Chas. McNair, but it is signed, ''Chas. McNair, tax collector, by R. C. Applewhite, deputy.'' If the tax collector's name had not been mentioned, since he was dead, and the deputy acted, not as agent for a principal, but solely by virtue of the power con-

ferred by the statute (§ 3079, code 1892), the deed would have been perfectly good ; and so it is here, in the form we have it, because it is perfectly manifest that the sale and deed were made by the deputy. The opinion of Cole, C. J., in *Gilkey* v. *Cook*, 60 Wis., 136, 137 (18 N. W., 639, 640), explains the distinction between an act performed by an agent on behalf of his principal, and an act performed by a deputy deriving his power from the law to do the act in question : "In the one case the agent derives his authority to act from his principal, for whom he acts ; in the other, the deputy derives his authority from the law, which clothes him with all power of the tax collector in the given case." Whether the deed be made in the name of the tax collector, in the body of the deed, and signed with the tax collector's name by the deputy tax collector, or whether the deputy tax collector's name alone appears throughout, in either case the deed is good, as stated by Judge Cole, "since in either form it plainly appears that the deputy, in the exercise of a power vested in him by law, executed the deed, and that the tax collector did not." The only point before us is as to the validity of this deed, and that is all we now decide. The demurrer to the cross-bill was properly overruled.

*Affirmed and remanded, with leave to answer the cross-bill in thirty days from the filing of the mandate in the court below.*