24]            JANUARY TERM, 1917.                387

State ex rel. Northwestern M. L. Ins. Co. v. Circuit Court, 165 Wis. 387.

STATE EX REL. NORTHWESTERN MUTUAL LIFE INSURANCE
    COMPANY vs. CIRCUIT COURT FOR WAUSHARA COUNTY
    and another.

*March 16—April 24, 1917.*

*Venue: Action on life insurance policies: Where cause of action arose:
    Proofs of loss: Service: Appointment of administrator: Distinc-
    tion between "arise" and "accrue."*

1. Life insurance policies were issued and were payable in M. county,
    in which the insurance company (a domestic corporation) had
    its principal office.   The insured resided at the time, and until
    his death, in W. county.   Notice and proofs of death were to be
    furnished to the company in M. county, and were in fact drawn
    in W. county and mailed there to the company in M. county.
    An administrator of the estate of the insured was appointed in
    W. county.   *Held*, that an action upon the policies was properly
    triable in M. county, under sub. 5, sec. 2619, Stats., no part of the
    cause of action having arisen in W. county.

2. As to the proofs of death, the act essential to a recovery was not
    the drawing or mailing of them in W. county, but the service of
    them on the company, and this took place in M. county.

3. The appointment of the administrator was not an essential part
    of the cause of action; it merely designated the person who was
    to enforce it.

4. Although a cause of action does not "accrue" until there is a per-
    son in existence with a present right to sue upon it, a cause of
    action may logically be said to "arise" when the facts necessary
    to demonstrate the defendant's breach of duty and liability to
    some person or group of persons or interests have all come into
    existence, even though the person or group be not at the time
    competent to sue.          ·   .
        KERWIN, SIEBECKER, and ESCHWEILER, JJ., dissent.

THIS IS a *mandamus* action commenced in this court to
compel the *Circuit Court for Waushara County* to change the
venue of an action to Milwaukee county.   The case is now
before us on a motion to quash the alternative writ.   The pe-
tition and writ show that the facts appearing on the hearing
of the motion were substantially as follows: The plaintiff as
administratrix of the estate of Melvin Plank, deceased,
brought action in the *Circuit Court for Waushara County*

against the defendant on two insurance policies on the life of said Melvin in favor of his estate.    Melvin was a resident of Waushara county at the time of their issuance and remained such until his death.    He left his home May 29, 1908, went to Portage, Milwaukee, and Chicago, and was last heard from in Chicago, where it is alleged that he died on that day. Premiums were paid up to June 25, 1908.    The policies were issued in Milwaukee and payable there.    The premiums were to be paid in Milwaukee and were in fact paid at Stevens Point in Wood county.    Notice and proofs of death were to be furnished to the company at Milwaukee and were in fact drawn in Waushara county and mailed to the company at Milwaukee.    The plaintiff in that action resides in Waushara county and was appointed administratrix of the estate of Melvin Plank by the county court of that county in August, 1915, before the commencement of this action.

The petitioner in this action is a domestic corporation with its principal office at Milwaukee.    Motion was made in the *Circuit Court for Waushara County,* based upon the complaint and certain affidavits showing the facts above set forth, to change the venue of the action to Milwaukee county under sub. 5, sec. 2619, Stats., which provides that the place of trial of an action against a domestic corporation shall be "the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose."    The trial court denied the motion on the ground that a part of the cause of action arose in Waushara county.

For the relator there was a brief by *Jno. Barnes, J. R. Dyer,* and *H. N. Laflin,* and oral argument by *Sam T. Swansen,* all of Milwaukee.

For the defendants there was a brief signed by *Walter D. Corrigan* of Milwaukee and *Buchanan Johnson* of Plainfield, and oral argument by *Mr. Corrigan.*

WINSLOW, C. J.    It is plain that the petitioner was entitled to have the action removed to Milwaukee county unless some part of the "cause of action" arose in Waushara county.

This court has held that the words "cause of action" as used "include the act or omission without which there would be no cause of action or right of recovery." *Bruil v. Northwestern Mut. R. Asso.* 72 Wis. 430, 39 N. W. 529; *Hosley v. Wis. O. F. Mut. L. Ins. Co.* 86 Wis. 463, 57 N. W. 48. Whether this proposition be entirely logical may perhaps be doubted, but we do not find it necessary to question it now. Applying it to the present case, we find no "acts or omissions" occurring in Waushara county except the drawing and mailing of the proofs of death and the appointment of the plaintiff as administratrix of the estate.    Neither the drawing nor mailing of the proofs of death in Waushara county can be considered as an act essential to a recovery; it is the service of them on the company which is the *sine qua non* of a recovery, and this took place in Milwaukee county.    As to the appointment of the administratrix the question is somewhat different.    It is quite true that by the great current of authority a "cause of action" does not "accrue," within the meaning of statutes of limitation, until a person is in existence with a present right to sue upon it.    1 Wood, Lim. (4th ed.) § 117; 25 Cyc. 1067; *American R. Co. v. Coronas,* 230 Fed. 545.    The case last named contains an exhaustive review of the authorities on the question.    This rule was recognized by this court in the case of *Stehn v. Hayssen,* 124 Wis. 583, 102 N. W. 1074.

There is, however, a substantial difference in meaning between the words "arise" and "accrue."    A cause of action may logically be said to arise when the facts necessary to demonstrate the defendant's breach of duty and liability to some person or group of persons or interests have all come into existence, even though the person or group be not at the

time competent to sue, but must sue through a representative to be appointed later, while it cannot be said that a cause of action has "accrued" until there was a person in existence to whom it can accrue, for the very plain reason that a thing must accrue *to* somebody. Accrue means to increase, to augment, to add to something already existing by way of increase.

A complete cause of action certainly arises in favor of a man's estate when he meets death through the actionable negligence of another or if he dies owning a note which falls due immediately after the death; it is in abeyance, however, until the appointment of an administrator, when it "accrues" to such administrator.

The appointment of the administrator neither adds to nor takes from the essential parts of a cause of action; it simply designates the person who is to enforce it. If it were to be held to be an essential part of the cause of action, then it would necessarily follow that the cause of action would cease to exist in case of the administrator's death, resignation, or removal, and that a new and different cause of action would accrue to the next administrator. It is plain that this cannot be. There is but one cause of action, no matter how many administrators may in succession prosecute it.

It is to be remembered that under our statute (sec. 4251) the cause of action becomes barred if the appointment of an administrator be delayed until double the limitation period otherwise prescribed by law.

*By the Court.*—Adjudged that the motion to quash be overruled and that the peremptory writ of *mandamus* issue as prayed in the petition. No costs to be taxed.

KERWIN, J. (*dissenting*). I most respectfully dissent from the decision of the majority of the court in this case.

The majority opinion in the main seems to turn on the

difference between the words "arise" and "accrue," used in referring to causes of action under our statutes.

It seems to me plain under the authorities that the words are used interchangeably, and that under our statutes a cause of action does not "arise" until it "accrues." In other words, before a cause of action "arises" or "accrues" it must be a complete cause of action, one in which there is a person competent to sue, whereas in the case at bar there is no person competent to sue until an administrator is appointed. Among other definitions of the word "accrue," Bouvier (Law Dict., Rawle's Rev. 1897) gives the following: "To arise, to happen, to come to pass." "A cause of action accrues when suit may be commenced for a breach of contract." A cause of action accrues from the time the right to sue for the breach attaches. *Amy v. Dubuque,* 7 Otto (98 U. S.) 470.

Webster defines "accrue:" "To arise or spring as a growth or result."

One of the definitions of "accrue" in the Century Dictionary is, "Arise in due course," and another is, "In law, to become a present and enforceable right or demand."

When a right of action is given for causing the death of a person in favor of his representative, such action cannot accrue until the appointment of the representative, so as to set in motion the statute of limitation. *Barnes v. Brooklyn,* 22 App. Div. 520, 48 N. Y. Supp. 36.

In the leading English case, *Murray v. East India Co.* 5 B. & Ald. 204, which has been followed quite generally throughout the United States, it is said: "It cannot be said that a cause of action exists unless there be also a person in existence capable of suing." In this case it will be observed that the word "exists" is used instead of "accrues."

In *Stehn v. Hayssen,* 124 Wis. 583 (102 N. W. 1074), at p. 588 it is said:

"No cause of action can accrue until there is some person

in existence who can bring it, and there is no person in existence to bring an action in favor of the estate of a deceased person, which arises after death, until an executor or administrator is appointed."

In *Hobart v. Connecticut T. Co.* 15 Conn. 145, it is held: "Now, independently of authority, we think it cannot be said that a cause of action exists unless there be also a person in existence capable of suing."

In *Andrews v. H. & N. H. R. Co.* 34 Conn. 57, it is held:

"A cause of action accruing to an administrator after the death of the intestate is not complete and does not *arise* and exist so that the statute of limitations can begin to run upon it [if there be no executor], until an administrator is appointed who can bring suit."

In *Walters v. Ottawa,* 240 Ill. 259, 88 N. E. 651, it is held that:

" 'Cause of action' includes every fact necessary for the plaintiff to prove to entitle him to succeed,—every fact that defendant would have a right to traverse. . . . The terms 'right of action' and 'cause of action' are equivalent expressions. By this phrase [cause of action] is understood the right to bring an action, which implies that there is some person in existence who can assert and also a person who can lawfully be sued. . . . If he have no legal right to sue, he has not merely a bad cause of action, but no cause of action."

See, also, *American R. Co. v. Coronas,* 230 Fed. 545, L. R. A. 1916E, 1095, where a great many cases upon the subject are discussed.

In the instant case, even if the cause of action had accrued or arose before the appointment of an administrator (which I deny), I think it clear that the allegations that an administrator was duly appointed and qualified were a material and necessary part of the cause of action. *Campbell v. U. S.* 13 Ct. Cl. 108; *Beal v. Batte,* 31 Tex. 371; *Neil v. Cherry,* 2 Ohio Dec. 28; *Secor v. Pendleton,* 47 Hun, 281; *Moir v. Dodson,* 14 Wis. 279; *Headlee v. Cloud,* 51 Mo. 301; *Hamil-*

*ton v. McIndoo,* 81 Minn. 324, 84 N. W. 118; *Foster v. Adler,* 84 Ill. App. 654; *Barfield v. Price,* 40 Cal. 535, at p. 543.

It is said in the majority opinion that if it be held that the appointment of an administrator is an essential part of the cause of action, then it would necessarily follow that the cause of action would cease to exist in case of the administrator's death, resignation, or removal, and that a new or different cause of action would accrue to the next administrator. I do not think this follows. After an administrator is appointed the cause of action becomes complete, and the death, resignation, or removal would simply necessitate the revival of the action in the name of a proper representative.

It seems to me also that our statute, sec. 4251, supports the idea of all the authorities, including *Stehn v. Hayssen,* 124 Wis. 583, 102 N. W. 1074, to the effect that the cause of action does not arise or accrue until the appointment of an administrator. See, also, Revisers' Notes to sec. 4251, Stats.

Sec. 2619, Stats., is the section involved upon this appeal. Our court construed this section in *Bruil v. Northwestern Mut. R. Asso.* 72 Wis. 430, 39 N. W. 529, and stated:

"It seems to us clear that no cause of action arose on this contract until the death of the assured in Iowa county and notice thereof to the defendant. The words 'cause of action,' as here used, would seem to be synonymous with right of action, and include the act or omission without which there would be no cause of action or right of recovery. 'A cause of action is said to accrue to any person when that person first comes to a right to bring an action.' 1 Bouv. Law Dict. 291. . . . It is evident that no cause of action arose until the death of Dr. Bruil and notice of that fact was given to the company. Then it was the duty of the defendant to make payment according to the contract. So the fact which gave rise to the cause of action, or, in other words, gave the right of action, accrued in Iowa county, and not in Dane county. . . . A cause of action does not arise, within the meaning of the statute, until the existence of such a state of facts as will en-

able the person having the proper relations to the property or persons concerned to bring the action.    Within that construction, a cause of action does not arise until the facts exist which constitute the cause of action, and not merely the one fact which may be the breach of duty."

I am satisfied that the petitioner was not entitled to have the case removed to Milwaukee county, for the reason that a part of the cause of action arose and accrued in Waushara county.

I am authorized to say that Justices SIEBECKER and ESCH-WEILER concur in this dissent.