State ex rel. Time Ins. Co. v. Superior Court, 176 Wis. 269.

the court very properly scrutinized the evidence closely in determining whether or not there was an implied promise to pay. The evidence fully sustains the conclusion of the court that the services were rendered without expectation of payment and therefore gratuitously, and that when the properties were turned over to him for management and supervision it was upon the express understanding that he should receive no compensation excepting that which he derived from third parties by way of commission.

We are also of the opinion that the conclusion of the trial court that the services rendered were of such a character, including, as they did, the making of many improvident investments and the conversion of funds in his hands as trustee, that claimant was estopped from making a claim for services rendered by him, is fully justified. He dealt with the trust funds as his own, used them in numerous cases for his own advantage, and while he was not required to account for any profits made by him, he certainly is in no position to claim compensation.

*By the Court.*—Judgment affirmed.

STATE EX REL. TIME INSURANCE COMPANY, Relator, vs. SUPERIOR COURT OF DOUGLAS COUNTY and others, Respondents.

*January 13—February 7, 1922.*

*Insurance: Action against company: Wrongful discharge of agent: Venue: Statutes: Amendments: Construction: Repeal and re-enactment of statutes.*

1. The right of an insurance agent, under sec. 2619, Stats., to bring an action against his principal, the insurance company, for the wrongful termination of the agency, in the county where the cause of action arose, was not affected by the amendment of that section by ch. 334, Laws 1919, interpolating a new subdivision 5, as to actions against a domestic insurance company "to recover on a policy of insurance."

State ex rel. Time Ins. Co. v. Superior Court, 176 Wis. 269.

2. The fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature.
3. The general rule is that the spirit or reason of the law will prevail over the letter; and to ascertain the object the legislature had in mind in the amendment of a statute it is proper to consider the occasion and necessity thereof, the defects and evils in the former law and the remedy provided by the new one, and construe it in such a way as is best calculated to suppress the mischief and secure the benefits intended.
4. Even if by amendment a statute had been repealed, and re-enacted in the same words, by an act which took effect at the same time as the repealing act, the portion of the statute re-enacted would continue such former statute in uninterrupted operation, and there would be no change in the law.

PETITION for a peremptory writ of *mandamus*. *Writ quashed.*

This matter comes before this court on the petition of the relator for a peremptory writ of *mandamus,* to change the place of trial of a certain action in which *S. D. Wenneby* is plaintiff, and the *Time Insurance Company,* a domestic insurance corporation, defendant, from the superior court of Douglas county to Milwaukee county.

For the relator there was a brief signed by *Julius E. Roehr,* of counsel, and *Roehr & Steinmetz,* attorneys, all of Milwaukee, and oral argument by *Julius E. Roehr.*

For the respondents there was a brief by *Grace, Fridley & Crawford* of Superior, attorneys, and *Daniel H. Grady* of Portage, of counsel, and oral argument by *William Ryan* of Madison.

DOERFLER, J.    Prior to the enactment of ch. 334 of the Laws of 1919, sec. 2619 of the Statutes provided that in actions against corporations existing under the laws of this state, excepting those mentioned in the fourth subdivision of said statute, the proper place of trial was either in the county in which the corporation is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose.

State ex rel. Time Ins. Co. v. Superior Court, 176 Wis. 269.

It appears from the complaint that the plaintiff, under a written contract entered into at the city of Superior in said Douglas county, became the district representative of the defendant insurance company for the counties of Douglas, Bayfield, Barron, Washburn, Sawyer, and Burnett, and that she maintained offices in the city of Superior and conducted her business there as such representative; that the plaintiff established a large and valuable business, and that on March 31, 1921, the defendant, without any right or authority, and without any notice whatsoever of the termination of said contract, and in violation of the plaintiff's rights, took possession of her said office and business, together with all of her books, papers, records, etc., and office furniture, and excluded her therefrom, to her great damage.

It is claimed by the respondents that the proper place of trial of said action is in Douglas county, and on the other hand it is claimed by the relator that such proper place of trial is in Milwaukee county.

Sec. 2619 of the Statutes of 1919 (such section being now in full force) among other things provides:

"Section 2619. The proper place of trial of civil actions is as follows: . . .

"Fourth. Of an action against any railroad corporation as defined by section 1861, or against any corporation owning or operating any interurban railroad, except appeals in condemnation proceedings, either in the county in which the cause of action arose or in that in which the plaintiff resides, if the road of such corporation extends into either such county; if such road does not extend into either such county, the action may be commenced in any county into which the road of such corporation does extend.

"Fifth. Of an action against an insurance company, existing under the laws of this state to recover on a policy of insurance, the county in which the defendant has its principal office, or, at the election of the plaintiff, if a resident of this state, the county in which the plaintiff resides or if the action is brought by a person in a representative capacity

by appointment of a court of this state, the county in which the proceedings resulting in such appointment was had.

"*Against other corporations.*    Sixth. Of an action against any other corporation existing under the law of this state, the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose.

"*Other actions.*    Seventh. Of any other action, the county in which any defendant resides at the commencement of the action; or if neither defendant resides within this state, any county which the plaintiff designates in his complaint."

The eighth, ninth, and tenth subdivisions are omitted, not being material to the issues involved.

Prior to the enactment of ch. 334 of the Laws of 1919 the fifth subdivision above set forth was not included in said section of the statutes, and the sixth was numbered as fifth, the seventh as sixth, the eighth as seventh, and the ninth as eighth, so that the only difference between sec. 2619 as amended by the legislature in that year and as it existed prior to that time consists of the interpolation of the fifth subdivision and the renumbering of the subsequent subdivisions of said section as above indicated.

It is contended by the relator that it was the intention of the legislature by such interpolation of the fifth subdivision and the renumbering of the subsequent subdivisions to constitute the proper place of trial in actions against domestic insurance companies other than those brought against an insurance company existing under the laws of the state, to recover on a policy of insurance, the county in which the defendant resides at the time of the commencement of the action, etc.    On the other hand, the respondents maintain that the only object and purpose of the legislature in enacting ch. 334 of the Laws of 1919 was to fix a proper place of trial for actions brought against an insurance company existing under the laws of this state to recover on a policy of insurance, and that all actions against corporations existing under the laws of this state, other than those

mentioned in the fourth subdivision of said section, are triable in the county in which the corporation is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose, and that inasmuch as the complaint alleges that the cause of action herein arose in Douglas county, that county is a proper place of trial of such action.

In order to give sec. 2619 as amended by the legislature of 1919 a proper construction, it is necessary to ascertain, if possible, the intent which the legislature had in mind in making such amendment. A literal construction of the statute in question, as so amended, would clearly bring the proper place of trial under the seventh subdivision of said statute as above set forth.

On April 24, 1917, a decision was rendered by this court in *State ex rel. Northwestern Mut. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436, in which it was held that where the insurance policies are issued in Milwaukee, the principal place of business of the domestic company, and are payable there, and where notice and proofs of death were to be furnished to the company at Milwaukee, and where the plaintiff in the action resided in Waushara county and was there appointed administrator of the estate of the deceased policy-holder, the proper place of trial was in Milwaukee county. As the result of such decision, many life insurance policy-holders were vitally affected in this state and were obliged to maintain suit on their policies in the county where the principal office or place of business of the company was located and the insurance was payable, so that when the legislature convened in its session of 1919 the amendment as aforesaid was enacted.

Bearing therefore in mind the reason for the amendment and the object and purpose the legislature had in mind in enacting the same, and the language of the amendment, it becomes clear that it had no other purpose than to fix a place of trial in an action against an insurance company ex-

isting under the laws of this state to recover on a policy of insurance, so as to enable a plaintiff, at his election, if a resident of this state, to bring his action in the county in which he resides, or if the action be brought by a person in a representative capacity, by appointment óf a court of this state, the county in which the proceeding resulting in such appointment was had.   No other plausible reason can be assigned for the amendment, and, in fact, the entire statute, with the exception of the interpolation of the fifth subdivision and the renumbering of the subsequent subdivisions, remains in force to the full intent and purpose as it existed prior to 1919.

The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. 36 Cyc. 1106; *State ex rel. M., St. P. & S. S. M. R. Co. v. Railroad Comm.* 137 Wis. 80, 117 N. W. 846.   The general rule is that the spirit or reason of the law will prevail over thè letter. *State ex rel. M., St. P. & S. S. M. R. Co. v. Railroad Comm., supra; Wis. Ind. School v. Clark Co.* 103 Wis. 651, 79 N. W. 422; *Gilkey v. Cook,* 60 Wis. 133, 18 N. W. 639. It has also been held that, in order to ascertain the object the legislature had in mind, it is proper to consider the occasion and necessity of the enactment, the defects or evils in the former law, and the remedy provided by the new one, and the statute should be given that construction which is best calculated to advance its object, by suppressing the mischief and securing the benefits intended.   36 Cyc. 1110.   And every statute is to be construed with reference to the general system of laws of which it forms a part, and must therefore be interpreted in the light of the customary or unwritten law, of other statutes on the same subject, and of the decisions of the courts.   So that, bearing in mind that the decision in *State ex rel. Northwestern Mut. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436, was rendered in 1917, and that as the result of such

decision a great inconvenience resulted to a large number of policy-holders residing in all parts of the state, and that the amendment referred to follows immediately as the act of the next legislature, the conclusion irresistibly fastens itself upon one's mind that the relief by amendment intended by the new legislation was to afford policy-holders affected by such decision a more convenient forum. This construction, under the authorities above cited, gives effect to the spirit of the law, notwithstanding, as above stated, a literal construction leads to the conclusion contended for by the relator.

Even if by the amendment the statute had been repealed and re-enacted in the same words by an act which takes effect at the same time as the repealing act, the portion of the statute re-enacted would continue in uninterrupted operation such former statute, and there would be no change in the law. *Laude v. C. & N. W. R. Co.* 33 Wis. 640; *Glentz v. State,* 38 Wis. 549, 554; *State v. Gumber,* 37 Wis. 298; *Fullerton v. Spring,* 3 Wis. 667; *Hurley v. Texas,* 20 Wis. 634.

We therefore hold that the motion of respondents to quash the alternative writ of *mandamus* must be granted.

*By the Court.*—It is so ordered, and the order staying proceedings is vacated.