STATE EX REL. MORGAN, Respondent, vs. DORNBROOK and others, Appellants.

*November 21—December 8, 1925.*

*Schools: Union free high school districts: Detaching territory: Statutes applicable: Minimum area of district: Statutes: Construction leading to absurd result: Legislative intent.*

1. In the construction of statutes the legislative intent is the controlling factor; and although a statute may be unambiguous, the legislative intent must be sought if, when the statute is applied to existing conditions, the act becomes practically absurd. p. 429.

2. The classification adopted by a statute must be germane to the purpose of the law. p. 430.

3. Ch. 251 of the Laws of 1925 (sec. 40.595, Stats. 1925), providing for the alteration of the boundaries of a union free high school district, is not unconstitutional as making a classification having no basis because applying only to such districts as have no schoolhouse approved by the superintendent of public instruction or have no bonded indebtedness. p. 430.

4. Said ch. 251 does not authorize the detachment of territory from a union free high school district so as to leave a district of but six sections of contiguous territory, as secs. 40.47 and 40.51, Stats., requiring an area of not less than thirty-six square miles, and secs. 40.605 and 40.606, Stats. 1925, relating to the dissolution of such a district, must be deemed to have been in the legislative mind, and these sections control the amount of detachable territory. p. 429.

State ex rel. Morgan v. Dornbrook, 188 Wis. 426.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action of *certiorari* to test the validity of an order of the school board of the Rosendale union free high school district which altered the boundaries of said district pursuant to the provisions of ch. 251 of the Laws of 1925 (sec. 40.595, Stats. 1925). The district before the detachment proceedings were begun consisted of about thirty-seven sections of contiguous territory. The detached territory left a district of six sections of contiguous territory. The trial court held that, while there was no specific limitation in ch. 251 of the Laws of 1925 as to the area of territory that could be detached, since sec. 40.47, Stats., provided that "A union free high school district may be established and maintained in any town, or in any tract of contiguous territory having an area of not less than thirty-six nor more than seventy-two square miles," and since sec. 40.51, relating to the alteration of the boundaries of union free high school districts, provided that "Nothing in this section shall authorize the reduction of the area of any union free high school district to less than thirty-six square miles," that the proceedings were void because the statutory requirement as to the minimum area was not complied with. The court held that the statutes as they now exist, notwithstanding a failure of a limitation in ch. 251 of the Laws of 1925, construed together clearly indicate that the minimum area is limited to thirty-six sections. The provisions of ch. 251 of the Laws of 1925, so far as applicable to the question raised by this appeal, are as follows:

"Section 1. A new section is added to the statutes to read: 40.595 In addition to any other method provided by law for altering the boundary of a union free high school district, in any such district having no union high school building approved by the department of public instruction and having no bonded indebtedness, territory may be detached as follows."

Then follow provisions relative to the manner of making the detachment. It is admitted in this case that the statute as to procedure was strictly complied with. Sub. (7) of sec. 1 provides as follows: "Such detached territory shall not be entitled to any of the assets of said district." The trial court held the proceedings void for reasons stated, and from a judgment entered accordingly the defendants appealed.

*T. L. Doyle* of Fond du Lac, for the appellants.

For the respondent there was a brief by *Gooding, Keck & Gooding* and *D. D. Sutherland,* all of Fond du Lac, and oral argument by *Mr. J. M. Gooding* and *Mr. Sutherland.*

VINJE, C. J. Appellants call our attention to a large number of rules of statutory construction, and particularly to the rule that if the language of the statute is clear and unambiguous there is no room for construction, and that it is not a function of the court to add language to the statute or to make exceptions because the statute may to the court seem unwise; that if a statute, standing by itself, without resort to rules of interpretation, conveys a definite and clear impression when applied to the subject matter regulated thereby, this is the best evidence of the meaning of the statute; that if the statute is clear on its face, prior statutes may not be consulted to create ambiguity; that the rule *In pari materia* is applicable only when the terms of the statute are ambiguous or its significance is doubtful; and that prior acts may be resorted to to solve but not to create ambiguity. To each of these propositions numerous cases are cited and they undoubtedly declare the law as it exists. It is further claimed that the language of ch. 251 is clear and unambiguous and there is no room for construction. An ambiguity may not appear in the act itself when read divorced from the subject matter to which it relates. Quite often an ambiguity appears, and appears only when it is applied to the

subject matter concerning which the act deals. So here, when we apply the language of the chapter to the conditions actually existing, we find that it leads or may lead to an absurd result. Certainly there is nothing in the language of ch. 251 to limit a detachment of territory. If it should govern irrespective of other statutes, then only one section might be left of the union free high school district. This would amount to a practical dissolution of the district. But the legislature has provided another method for dissolving a union free high school district. See secs. 40.605 and 40.606, Stats. 1925. It is therefore clear that, though the language of the statute is without ambiguity, we must search for the legislative intent, owing to the fact that when applied to conditions such as the one before us the act becomes practically absurd. We must therefore seek for the legislative intent, and that is the controlling factor. Clearly it was not the intent of the legislature to dissolve a district, but merely to detach certain territory from a district in certain cases. The other statutory provisions referred to, namely, the one making the minimum district to consist of thirty-six sections and the one providing for the alteration of the boundaries in union free high school districts providing for leaving at least thirty-six sections intact, must be deemed to have been in the legislative mind, and that those sections control the amount of detachable territory, and for that reason the limitation was not included in the act of 1925. This is rendered more certain by the provisions of sub. (7) of the section wherein the legislature provides that the detached territory shall have no share in the assets of the district. Clearly it was the legislative thought that, since the detached portion should not share in the assets of the district, only small portions or comparatively small portions of territory should be detached. Had it been the intent of the legislature that the greater part of a district might be detached, or, as in this case, nearly the whole district de-

tached, they could not with any justice have provided that the detached portion should not share in the assets of the district.

The respondent contends that the act is unconstitutional because there is no basis for the classification of districts from which territory may be detached. He argues that the classification adopted must be germane to the purpose of the law, and cites *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270; *Adams v. Beloit,* 105 Wis. 363, 81 N. W. 869; and *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954, to sustain such contention. It is true that the classification adopted must be germane to the purpose of the law. But we do not find that a limitation of districts from which territory may be detached to such districts as have no schoolhouse approved by the superintendent of public instruction, or have no bonded indebtedness, is not a sufficient basis for classification. It was no doubt the legislative thought that if the district owned a valuable building it would be quite difficult to apportion the assets of the district between the two, and in such case it would have been very unjust to include the provision in sub. (7) of the act, providing that the detached territory should have no part in the assets of the district. On the other hand, a district having a large bonded indebtedness presents difficulties, in the case of the detachment of territory, to apportion such indebtedness equitably between the portion detached and the district as it remains. For these reasons the legislature limited the right to detach territory to districts only that had no schoolhouses and no bonded indebtedness. In such case there would be no indebtedness to apportion, no assets of any great quantity to distribute; and it being, as we have before stated, the legislative thought that only small portions of territory would be detached, there is no great injustice in depriving such territory of the assets of the whole district.

Respondent argues that the underlying purpose of the statutory law authorizing union free high schools is that

they must consist (1) of contiguous territory, (2) having an area of not less than thirty-six nor more than seventy-two square miles, (3) bounded by town, school district, section or half-section lines except in certain cases. Our attention is called to sec. 40.47, Stats., which provides for the maintenance of schools only in districts conforming to the requirements of the law of that section. In *State ex rel. Time Ins. Co. v. Superior Court,* 176 Wis. 269, 186 N. W. 748, this court in a somewhat analogous situation said:

"Every statute is to be construed with reference to the general system of laws of which it forms a part, and must therefore be interpreted in the light of the customary or unwritten law, of other statutes on the same subject, and of the decisions of the courts."

Manifestly this law, applied to the subject matter of this case, leads to an impracticable and absurd result. Since it does so, we must look to the general scheme of the statutes of which this forms a part, and from such general scheme we must determine what the limitations are as to the amount of territory that must be left in case of a detachment of territory from a district. The laws already noted leave no doubt as to what the minimum must be. For this reason the trial court correctly decided the case.

*By the Court.*—Judgment affirmed.