STATE EX REL. FAIRCHILD, Attorney General, Respondent,
vs. McCARTHY and another, Appellants.

*April 3—May 2, 1950.*

FAIRCHILD, J., dissents.

*William F. Morris* of De Pere, for the appellant McCarthy.

For the respondent there was a brief by the *Attorney General, Richard E. Barrett,* assistant attorney general, and *Charles H. Bartlett, Jr.,* of Madison, and oral argument by *Mr. Barrett.*

FRITZ, C. J. On the hearing of plaintiff's motion for summary judgment there were presented by the stipulation of the parties in open court the following facts. On August 27, 1939, being the effective date of the so-called limitation law, *i.e.,* sec. 176.05 (21), Stats., there were in force and effect in the town of Allouez, nine retail Class B intoxicating liquor licenses, which number exceeded the ratio of one for each five hundred inhabitants of said town. On August 27,

1939, there were less than four thousand five hundred inhabitants of said town. The 1940 national census for the town numbered three thousand five hundred sixty-one people. On May 9, 1949, there were issued by the town for the license year 1949–1950, a total of ten retail Class B intoxicating liquor licenses. The tenth license was issued to the defendant McCarthy for conduct of a Class B retail tavern at specified premises in the town. In addition there was submitted an affidavit by defendant in which he stated that the town board, after an investigation, entered a finding of fact in its records that on May 9, 1949, the town of Allouez contained more than four thousand six hundred inhabitants. However, there is nothing in the record to show upon what evidence, if any, such a finding by the board was made.

The state contends that the license issued on May 9, 1949, to McCarthy by the town board of Allouez was null and void because that license,—as the tenth license,—was in excess of the number of licenses which the town was authorized to issue under the limitations prescribed in sec. 176.05 (21) (a), Stats., which reads:

"No governing body of any town, village, or city shall issue more than one retail 'Class B' liquor license for each five hundred inhabitants or fraction thereof, except that if a greater number of such licenses have been granted, issued, or in force, in such town, village, or city, at the time of the taking effect of this subsection, than would be permissible under said limitation, such town board, village board, or common council may grant and issue such licenses equal in number to those granted, issued, and in force on the taking effect of this subsection, but no such town or village board, or common council shall grant and issue any additional retail 'Class B' license above the number in force upon the taking effect of this subsection until the number of such licenses shall correspond to the limitation provided herein."

Thus the legislature limited the number of Class B licenses authorized to be issued, as one "for each five hundred in-

habitants or fraction thereof;" but in said provisions there is not prescribed specifically any rule or method for determining the number of inhabitants at the time of the issuance of such a license. The state contends and the court concluded in granting the motion for the summary judgment under review that it was the legislative intent under sec. 176.05 .(21) (a), Stats., that the number of inhabitants is to be determined conclusively by reference to the last national census (according to which the population of the town of Allouez was three thousand five hundred sixty-one in 1940); and that because there were nine licenses in effect in the town when the statute became effective on August 27, 1939, and the census of 1940 did not justify an increase in the quota, the license issued to McCarthy on May 9, 1949, was void. *Zodrow v. State,* 154 Wis. 551, 143 N. W. 693.

Defendant contends that the 1940 national census as to the number of inhabitants in the town does not control because the population has increased to exceed four thousand five hundred one inhabitants which, under sec. 176.05 (21) (a), Stats., would permit the issuance of an additional license. In thus contending, defendant claims that the determination of the number of inhabitants in the town is a fact to be proved in the same manner as other facts; and that the legislature delegated power to the town board to determine the number of its inhabitants, and the finding of the board so made is the proper exercise of a legislative function which cannot be attacked except by proof that the board acted arbitrarily, capriciously, or oppressively. In connection therewith defendant claims that because in sec. 176.05 (21) (a), Stats., the word "inhabitants" is used instead of using the word "population," and because of the statutory definitions of these words in sec. 370.01 (6) and (27), Stats., respectively, there is conclusive proof of the intent on the part of the legislature to disregard the national census in ascertaining the number of inhabitants for the purpose of applying sec. 176.05 (21) (a), Stats. In relation to the definitions therein sec. 370.01,

Stats., does no more than state the general rule. It provides at the outset that,—

"In the construction of the statutes of this state the following rules shall be observed unless such construction would be inconsistent with the manifest intent of the legislature; . . ."

Sec. 370.01 (6), Stats., provides:

"The word 'inhabitant' shall be construed to mean a resident in the particular locality in reference to which that word is used."

Sec. 370.01 (27), Stats., provides:

"The word 'population,' when used in connection with a classification of towns, villages, cities, or counties for the exercise of their corporate powers or for convenience of legislation, means the population of such towns, villages, cities, or counties according to the last national census."

These definitions are not conflicting or inconsistent. When there is more than one resident "inhabitant" in a municipality they constitute the "population;" and the definition of this word is, "The whole number of people or inhabitants in a country, section, or area." Webster New International Dictionary (1948 ed.). Thus, in this analysis the statutory definition of the word "inhabitant" would not be ignored by determining that the enumeration of the "inhabitants" or "population" made by the national government census on the last previous date shall be taken as determining the total number of inhabitants for the purpose of administering the license-limitation provisions in sec. 176.05 (21) (a), Stats. When the provisions are construed in connection with provisions in the other provisions in our statutes in relation to intoxicating liquor, which stand in *pari materia,* the legislative intent and propriety of resorting to the last national census is evident. Thus, it is provided in par. (d) of sec. 176.05 (21), Stats.:

"Upon incorporation of a village subsequent to August 27, 1939, the village board may grant and issue *retail 'Class B'*

*liquor licenses* equal in number to those granted, issued, and in force in the area embraced therein at the time of such incorporation, but no additional retail 'Class B' license shall be issued *until the number* of such licenses shall correspond to the limitation specified in paragraph (a). *In the absence of a national census of* a newly incorporated village, the census specified in section 61.02 shall govern."

And said sec. 61.02, Stats. (which is in relation to persons intending to apply for the incorporation of a village), provides:

". . . They shall also cause to be taken an accurate census of the resident population of such territory as it may be on some day not more than ten weeks previous to the time of making such application, exhibiting the name of every head of a family and the name of every person a resident in good faith of such territory on such day, and the lot or quarter section of land on which he resides, which shall be verified by the affidavit of the person taking the same affixed thereto."

In sec. 139.28, Stats., it is provided that the *tax on intoxicating liquors* shall be distributed to municipalities *"in proportion to their population in the last federal census."*

In view of the above-stated provisions in relation to intoxicating liquor and particularly in pars. (a), (d), and (e) of sec. 176.05 (21), Stats., in relation to said retail Class B liquor licenses, all of which have similar objectives, it is evident that in the absence of proof of the determination as to the number of the inhabitants of the town of Allouez by either the last national census or by an accurate census taken as specified in sec. 61.02, Stats., or by at least proof of equivalent facts which duly establish the method and accuracy of a determination as to the number of inhabitants of the town at the time when the license in question was granted and issued by the town board, there was no sufficient increase in population to permit the issuance of the tenth license. The statement in the affidavit of the defendants' attorney that the town board after an investigation entered a finding of fact in its

records that on May 9, 1949, the town contained more than four thousand five hundred one inhabitants, is insufficient to sustain the board's determination to that effect, without any record of proof essential to establish a sufficient basis therefor. Because of the absence of competent proof of such facts, there presently is nothing in the record which can be deemed to grant or imply affirmative authority to the town board to issue the license. If there was proof to establish the board's findings it should have been introduced on the trial of the action instead of the submittal and determination of the cause on plaintiff's motion for a summary judgment. Under the circumstances the judgment is reversed in the exercise of this court's discretion under sec. 251.09, Stats., and the cause is remanded for further proceedings.

*By the Court.*—Judgment reversed and cause remanded for further proceedings without costs.

FAIRCHILD, J. (*dissenting*). The business of conducting a tavern is subject to legislative restriction. The statute involved in this case is restrictive in its nature. The provisions thereof appear to me to be plain.

The statute provides for a limitation on the number of licenses to be issued in an established municipality. It fixes the quota which shall be allowed. I agree with the conclusion reached by the learned trial judge. It is my opinion that the statute is to be construed in connection with other statutes with which it stands in *pari materia.* The judgment below requiring the denial of the application for the license should be affirmed.