DANIEL L. LAROCQUE, District Attorney, Marathon County
You have requested my opinion on the legality of issuing Class "B" liquor licenses on the basis of a population enumeration determined by means other than the last decennial federal census.
You mention in your letter that the person seeking the license cites State ex rel. Fairchild v. McCarthy (1950), 257 Wis. 62,42 N.W.2d 484, as authority for the proposition that Class "B" licenses may be issued on a population-quota basis where the population has been determined by a census other than the decennial federal census. However, as you note in your letter, the statute the court construed in Fairchild, sec. 176.05 (21), Stats. 1949, has since been amended. The statute, in fact, was amended in the next legislative session following the Fairchild
decision. The statute construed in Fairchild read, in relevant part, as follows:
"No governing body of any town, village or city shall issue more than one retail `Class B' liquor license for each 500 inhabitants or fraction thereof. . . ." Sec. 176.05 (21) (a), Stats., 1949. *Page 223 
The statute was amended to read as follows by ch. 589 of the Laws of 1951:
"No governing body of any town, village or city shall issue more than one retail `Class B' liquor license for each 500 population or fraction thereof, as determined by the last federalcensus. . . ." (Emphasis added) Sec. 176.05 (21), (a), Stats., 1951.
The statute has since been changed in its form but not in its substance. The present statute, sec. 176.05 (21) (a), Stats., 1969, defines population as ". . . the number of inhabitants as determined by the last decennial federal census. . . ." Thus, the only substantive change in the definition of population of relevance to your specific problem from 1951 to the present is the insertion of the word decennial.
It is my opinion that the words of the statute are clear and admit only one reasonable construction. The legislature, by adding the words "decennial federal census," has defined with specificity that the only sufficient criterion for a town to base its quota of liquor licenses upon is the federal census conducted each ten years. Any other means of determining population, except those means set forth for a newly incorporated municipality, are unacceptable under the language of the statute.
It would appear that the legislature in amending sec. 176.05 (21), Stats., in the session immediately following the Fairchild
decision reversed the court's prior construction. As is stated in 2 Sutherland, Statutory Construction, sec. 4510 (Horack rev.), ". . . legislative language will be interpreted on the assumption that the legislature was aware of existing . . . judicial decisions, and that if a change occurs in legislative language, a change was intended in legislative result." See also, State v.Superior Court of Douglas County (1922), 176 Wis. 269,186 N.W. 748, and Pavelski v. Roginski (1957), 1 Wis.2d 345,84 N.W.2d 84. Here, immediately following judicial construction of sec. 176.05 (21), Stats., the legislature specifically focused attention upon the definition of population for the purpose of determining liquor license quotas. The result of the legislative action was to specifically tie the population determination to the federal census. *Page 224 
An ambiguous statute may be defined as one which allows more than one reasonable interpretation. Here, even assuming that this statute may be found to be ambiguous, material on file at the Legislative Reference Bureau would help to clear any such ambiguity. The following remarks were appended to the 1951 amending bill:
"The Wisconsin State Supreme Court in the August term, 1949,State v. McCarthy, ruled that the number of inhabitants of any town, village or city may be an accurate census as specified in section 66.102 or be at least proof of equivalent facts. This interpretation of the word inhabitants leaves a situation whereby towns, villages or cities may continually be submitting a census of inhabitants for the purpose of increasing class `B' licenses. It is our opinion that using the word `population' as determined by the last federal census will be definite and will eliminate controversy."
Thus, both the clarity of the statute, and its legislative history, lead me to conclude that the town of Rib Mountain must use only the federal census conducted in 1970 for the purposes of issuing Class "B" liquor licenses. Furthermore, any license issued upon a population determined by other than the last federal decennial census would be void. "No license shall be issued to any person in violation of this chapter and any license so issued shall be void." Sec. 176.05 (5), Stats.
RWW:PAP